J. P. CHINETTE, PETITIONER, *v.* A. R. CONKLIN, JUDGE OF THE SUPERIOR COURT OF KERN COUNTY, RESPONDENT.

105  465
112  632

INSOLVENCY—PARTIES TO PROCEEDINGS — DISQUALIFICATION OF JUDGE — RELATIONSHIP TO CREDITORS.—In a proceeding in insolvency there are no parties, other than the insolvent himself, at the time of the adjudication, or until after one or more creditors have made proofs and filed their claims against the insolvent; and the judge is not disqualified, under section 170 of the Code of Civil Procedure, to make the order of adjudication, and to fix the day for choosing the assignee in insolvency, upon the ground that his son in law is named in the schedule as a creditor of the insolvent firm, and that the assignee of the insolvent estate was chosen by reason of the son in law having made proof of the claim.

ID.—ELECTION OF ASSIGNEE—JUDICIAL FUNCTION—At the time fixed for choosing the assignee there is no judicial function to be performed by the judge of the court, but the election is made by a vote of the creditors, of which the clerk keeps the minutes, and enters the result upon the records of the court.

ID.—PROHIBITION—SALE OF PROPERTY BY ASSIGNEE.—After the property of the insolvent has been sold by the assignee, there is no office for the writ of prohibition to perform in reference thereto.

APPLICATION in the Supreme Court for a writ of prohibition to the Superior Court of Kern County.

The facts are stated in the opinion of the court.

*Wells & Jamison,* for Petitioner.

HARRISON, J.—Application for a writ of prohibition. On the 19th of December, 1893, a petition in insolvency was filed in the superior court of Kern county by the firm of Pourry, Freres & Co., and on the same day the respondent made an order adjudging the said firm insolvent, and appointed a day on which to choose an assignee of their estate. In the schedules annexed to the petition the firm of Ardizzi & Olcese were named as creditors of the insolvent firm, and on the day fixed for choosing an assignee Olcese appeared and made proof of the claim of said firm, and by his evidence alone an assignee of the insolvent estate was chosen. Olcese is the son in law of the respondent; and, after

CV. CAL.—30

the assignee had been chosen, the petitioner herein, who is also a creditor of the insolvent firm, moved the court to vacate the orders of December 19th, on the ground that, by reason of the relationship of Olcese to the respondent, he was disqualified to act in the proceedings in insolvency, and that the orders are void. This motion was denied, and thereafter the respondent made an order directing the sheriff to sell the property of the insolvent firm, which was accordingly done. Subsequently the present application was made for a writ of prohibition to restrain the respondent from acting or making any order in the insolvency proceedings.

The Insolvent Act, section 2, declares that the filing of the petition by the insolvent firm is itself an act of insolvency, "and thereupon the petitioner shall be adjudged an insolvent debtor." There are no "parties" to proceedings in insolvency, other than the insolvent himself, at the time of the adjudication, or until after one or more creditors shall have made and filed proofs of their claims against the insolvent; and the order of the judge fixing the time for choosing an assignee is but a regulation of the order of business. At the time fixed for choosing the assignee there is no judicial function to be performed by the judge of the court, since the election of the assignee is made by a vote of the creditors, of which the clerk keeps a minute and enters the result upon the records of the court. As the assignee has sold the property of the insolvent, there is no office for the writ of prohibition to perform in reference thereto.

We are of the opinion that the respondent, in making the order of adjudication and in fixing the day for choosing the assignee, did not act in contravention of section 170 of the Code of Civil Procedure. If, in the course of the proceedings, any matter requiring judicial action shall arise, it is not to be assumed that the respondent will violate his judicial obligations.

The application is denied.

DE HAVEN, J., GAROUTTE, J., FITZGERALD, J., MC-FARLAND, J., and BEATTY, C. J., concurred.