[L. A. No. 87.   Department One.—December 18, 1895.]

IN THE MATTER OF SAM RAMAZZINA ET AL., CO-
PARTNERS UNDER THE FIRM NAME AND STYLE OF
RAMAZZINA BROTHERS, AN INSOLVENT DEBTOR.

INSOLVENCY — PARTNERSHIP— SUFFICIENCY OF PETITION — JURISDICTION.—
Although a petition in insolvency by partners does not directly allege
that the petitioners are partners, the absence of such direct allegation is
not jurisdictional, where the fact sufficiently appears that they are part-
ners, taking the petition as a whole.

ID.—APPEAL BY CREDITOR FROM ADJUDICATION—SUFFICIENCY OF PLEAD-
ING.—Upon appeal by a creditor from an adjudication in insolvency
upon petition of insolvent partners, any crudities or bad grammar used
by the petitioner are not fatal to the jurisdiction, and will not vitiate
the pleading.

ID.—SHOWING OF INSOLVENCY—VALUATION OF PARTNERSHIP ASSETS —
EXCESS OF PARTNERSHIP ASSETS OVER LIABILITIES.—The fact that it
appears from the petition that the valuation of the partnership assets
exceed the liabilities of the partnership, does not prove the solvency of
the copartners at the time of the filing of the petition; and where the
petition discloses that the partners individually are hopelessly insolvent
and unable to pay the debts and liabilities of the partnership, the
petition sufficiently discloses insolvency within the purview of the
Insolvent Act.

ID.—DEBTOR, WHEN INSOLVENT.—A debtor is insolvent when he is unable
to pay his debts from his own means as they become due.

APPEAL from an order of the Superior Court of Santa
Barbara County adjudging the insolvency of Ramazzina
Brothers, copartners.   W. B. COPE, Judge.

The facts are stated in the opinion of the court.

*Nichols & Storke,* for Appellant.

Insolvency proceedings are special, and everything in
support of the jurisdiction must appear affirmatively.
(*Hastings* v. *Cunningham,* 39 Cal. 142; *Vermont Marble
Co.* v. *Superior Court,* 99 Cal. 579.)   As the petition does
not allege that the petitioners were partners, the court
had no jurisdiction to adjudge them both insolvents in
the same proceedings.   (Insolvent Act, 1880, sec. 35.)
A party whose assets are forty per cent above his liabili-
ties cannot be said to be insolvent.   (*Hunt* v. *His Cred-
itors,* 9 Cal. 46.)

*Slade & Armstrong,* for Respondent.

If the individual names of partners are given in the title of a cause, followed by the word "partners," the names need not be repeated in the body of the complaint or petition. (*King* v. *Bell,* 13 Neb. 409; *Wright* v. *Cohn,* 88 Cal. 328; *Hallock* v. *Jaudin,* 34 Cal. 167, 174; *Alpers* v. *Schammel,* 75 Cal. 590; *Wise* v. *Williams,* 72 Cal. 544.)

GAROUTTE, J.—This is an appeal by a creditor from an order of the superior court adjudicating the above-named parties insolvent debtors. It is claimed that the court had no jurisdiction to make the order, by reason of fatal defects appearing upon the face of the petition.

It is first insisted that the petition does not show that petitioners are partners, but we think that fact sufficiently appears when the entire petition is considered. While a direct allegation to that effect would have been good pleading, yet its absence is not jurisdictional, if the fact fairly appears taking the petition as a whole. Further complaint is made that the petition is ambiguous, indefinite, and unintelligible. While it may well be said to be somewhat crude in many respects, still crudities are not fatal to jurisdiction, and bad grammar used by a pleader does not vitiate a pleading.

It is also insisted that the copartnership of Ramazzina Brothers was not insolvent at the time of the filing of said petition, as shown by a comparison of its assets and liabilities appearing therein. While it does appear therefrom that the valuation of the partnership assets exceeds considerably the liabilities of the partnership, yet the petition further discloses that the partners individually are hopelessly insolvent. The petitioners further allege directly that they are insolvent, and the mere fact that the assets in value exceed their liabilties does not prove solvency. Such fact might exist, and often does exist, and still a debtor be entirely insolvent within the purview of the Insolvent Act. A debtor when he is unable to pay his debts from his own means

as they become due, is insolvent.   (*Washburn* v. *Huntington*, 78 Cal. 573; *Sacry* v. *Lobree*, 84 Cal. 41.)

The order appealed from is affirmed.

HARRISON, J., and VAN FLEET, J., concurred.