## In re THOMAS.*

### S. F. No. 91; March 21, 1896.

44 Pac. 327.

**Voluntary Insolvency—Petition for Discharge.**—Under insolvent act of 1880 (Append. Code Civ. Proc.), sec. 2, which provides that one owing over $300 may file a petition for discharge from his debts in a county where he has resided the six months preceding the filing, and provides that, in the petition, the petitioner shall "set forth his place of residence," a petition need not allege that the petitioner resided in the county where the petition was filed the six months preceding the filing thereof.[1]

APPEAL from Superior Court, Alameda County; A. L. Frick, Judge.

Petition by Richard P. Thomas to be declared an insolvent under act for relief of insolvent debtors. From an order adjudging the petitioner an insolvent, one of his creditors appeals. Affirmed.

Stateler, Pierson & Mitchell and R. A. Friedrich for appellant; Thos. C. Kierulff for respondent insolvent; A. W. Thompson for respondent assignee.

PER CURIAM.—This is an appeal by a creditor from an order adjudicating one Thomas an insolvent debtor. It is insisted that the court had no jurisdiction to make the order of adjudication, by reason of a want of sufficient averment of facts in the petition of the insolvent. Insolvent act, section 2 (Append. Code Civ. Proc.), provides: "An insolvent debtor, owing debts exceeding in amount the sum of three hundred dollars, may apply by petition to the superior court of the county or city and county in which he has resided for six months next preceding the filing of his petition to be discharged from his debts and liabilities." It is now claimed

---

*Rehearing denied.

[1] Cited and approved in In re Chope, 112 Cal. 633, 44 Pac. 1067, as authority for saying that a petitioner must be prepared to establish as a fact his allegation that he is unable to pay his debts and is an insolvent debtor within the true intent and meaning of the law of 1880.

that the petition only showed that the insolvent had resided in the county for six months next preceding his signing and verifying the petition. The latter portion of section 2 sets forth the particular matters which must be alleged by the petition of the insolvent, and that provision says he must "set forth his place of residence." There is no requirement that he must state in his petition that he has resided in the county where the petition is filed six months next preceding the filing thereof, and we hold that an averment to that effect is not required. Subsequently to the adjudication, if creditors desire to contest that question of fact, the road is plain to them. A statement in the petition to that effect would not be conclusive upon the creditors, for they could attack its truth at a subsequent stage of the proceedings; and it is the fact of an immediate preceding residence of six months in the county where the petition is filed, and not the allegation to that effect, that is jurisdictional. We see no substantial merit in this appeal. For the foregoing reasons the order appealed from is affirmed.