[No. 15664. Department One.—May 19, 1896.]

IN THE MATTER OF ARTHUR H. CHOPE, IN IN-
SOLVENCY.

INSOLVENCY—APPEAL BY CREDITOR—SERVICE OF NOTICE.—Upon an appeal
by a creditor from an adjudication of insolvency upon the voluntary
petition of the debtor, the notice of appeal need only be served upon
the insolvent debtor, and is not required to be served upon the receiver,
nor upon the other creditors who had not filed proof of their claims when
appeal was taken.

ID.—PROOF OF CLAIM NO ESTOPPEL UPON APPELLANT.—The fact that the
creditor who appealed from the adjudication of insolvency made claim
and proof of his debt in the superior court does not estop him to pur-
sue his appeal.

ID.—SUFFICIENCY OF PETITION — PRAYER FOR DISCHARGE. — A petition in
insolvency need not conclude with a formal prayer for the debtor's dis-
charge; but it is sufficient if it contains an averment that the petitioner
desires to be discharged from his debts and liabilities.

ID.—RESIDENCE OF CREDITORS—JUDICIAL NOTICE.—When the petitioner
states the residence of the creditors of the insolvent as being at Eureka
and at San Francisco, judicial notice will be taken that both of said
places are incorporated cities in the state of California.

ID. — STATEMENT OF ASSETS IN EXCESS OF DEBTS — INABILITY TO MAKE
PAYMENT—JURISDICTION.—The fact that the petition of the insolvent
debtor shows an excess of estimate of assets over liabilities is not in-
consistent with a state of insolvency; and it is sufficient that the peti-
tition alleges that the debtor is unable to pay his debts, in order
to invoke the jurisdiction of the court, though such allegation may
be controverted by the creditors or any of them, and if put in issue it
must be established by the debtor as a fact.

APPEAL from an order of the Superior Court of
Humboldt County adjudging the insolvency of a debtor.
G. W. HUNTER, Judge.

The facts are stated in the opinion of the court.

*Ford & Bunnell*, and *E. S. Heller*, for Appellant.

The court did not obtain jurisdiction to make the
order adjudging petitioner an insolvent debtor, as the
petition filed was defective in not containing a prayer
from the person presenting it, asking that he be dis-
charged from all claims, debts, liabilities, and demands.
(Am. & Eng. Ency. of Law, 412; Bouvier's Law Dic-
tionary; Adjudged Words and Phrases, 463; Code Civ.

Proc., sec. 307; *Luhrs* v. *Kelly*, 67 Cal. 289.)  The only real party in interest, and who is affected by the appeal, is the insolvent debtor, and it was not necessary or possible to serve the receiver with notice of appeal, as he had not been appointed when the appeal was taken. (Insolvent Act, 1880, sec. 67; Insolvent Act, 1895, sec. 72.)  Respondent was not insolvent, as the schedule shows his assets to be two thousand nine hundred dollars and his liabilities two thousand two hundred and seventy-two dollars.  (*Hunt* v. *His Creditors*, 9 Cal. 45.) The petition and schedule are also defective, as neither shows in what county or state the creditors reside, or in what county or state the indebtedness arose and accrued.  (*Lowenberg* v. *Levine*, 93 Cal. 215; Insolvent Act, 1880, sec. 8; *In re Baum*, 68 Cal. 238.)

*J. F. Coonan*, for Respondent.

*D. Sevier*, for Assignee.

The petition herein contains each jurisdictional fact, to wit: Residence of six months in county, indebtedness exceeding three hundred dollars, actual place of residence, inability to pay debts in full, willingness to surrender estate, and desire to obtain a discharge in insolvency.  (Insolvency Act, sec. 2.)  The schedule and inventory contain all the facts required.  (Insolvency Act, secs. 3, 4.)  Petition need not be signed.  (*Brewster* v. *Ludekins*, 19 Cal. 162; *Wilson* v. *His Creditors*, 32 Cal. 406.)

BRITT, C.—On December 16, 1893, Chope filed in the superior court of Humboldt county a paper purporting to be his voluntary petition in insolvency, and, on the same day, the court made an order under section 6 of the Insolvent Act of 1880, as amended in 1891, declaring him insolvent, fixing January 20, 1894, for the meeting of creditors, and appointing the sheriff of the county a receiver to take possession of his estate and keep the same until the appointment of an assignee. 'On January 11, 1894, Columbus Waterhouse, one of the

creditors named in the schedules accompanying said petition, took the present appeal to this court from the said order of December 16th; notice of the appeal was served on no one but the attorney of Chope.

Respondent has moved for a dismissal of the appeal on the grounds: 1. That the notice thereof was not served on the receiver and on the other creditors of the petitioner; and 2. That Waterhouse cannot prosecute the appeal, because, since taking the same, he has proved and filed a claim for his debt in the court below. The motion is not well founded. The notice of appeal from the order adjudicating the petitioner to be insolvent, like similar notices in ordinary civil cases, was to be served on the "adverse party." (Insolvent Act, sec. 67; Code Civ. Proc., sec. 940.) The receiver appointed by the court was the mere instrument of the law and of the court for the temporary preservation of the debtor's property, and was in no sense a party to the proceeding adverse to the creditors; it would be as appropriate to call the sheriff or his keeper of attached property a party adverse to the plaintiff or defendant in an action where the process of attachment has been employed. As to the other creditors named in the debtor's schedule, it is not shown that they had, when the appeal was taken, filed proofs of their claims, or in any manner appeared in the proceeding; they were, therefore, not parties to whom notice of the appeal was requisite. .(*Chinette* v. *Conklin*, 105 Cal. 465; Code Civ. Proc., sec. 1014.) If it be true that the appellant made claim and proof of his debt in the superior court, the fact does not estop him to pursue his appeal; that proof of claim by the creditor and his right of appeal in such a case may stand together is the necessary postulate of the decision in *Stateler* v. *Superior Court*, 107 Cal. 536.

The appellant's case rests upon certain alleged defects in Chope's petition. This did not conclude with a formal prayer for the debtor's discharge, and hence appellant says it was no petition at all; it did, however, contain a distinct averment, as required by section

2 of said act, that the petitioner desires to be discharged from his debts and liabilities; no other prayer was necessary. A schedule accompanying the petition showed that some of the creditors reside at "Eureka" and others at "San Francisco"; appellant claims that this was insufficient, in that no county or state is specified. The better practice would certainly be to indicate in the schedule the state, as well as the locality within the state, of each creditor's residence; but, in this instance, judicial notice is taken that both Eureka and San Francisco are incorporated cities in the state of California. (*Pasadena* v. *Stimson*, 91 Cal. 241; *Cole* v. *Segraves*, 88 Cal. 103; *Payne* v. *Treadwell*, 16 Cal. 220.)

It is further objected that no case of insolvency is made out by the petition, because the schedule showed petitioner's assets to amount to two thousand nine hundred dollars in value, and his debts to be two thousand two hundred and seventy-two dollars and seven cents only. This showing is not necessarily inconsistent with a state of insolvency. (*In re Ramazzini*, 110 Cal. 488.) The petitioner alleged that he "is unable to pay his debts in full, and is an insolvent debtor within the true intent and meaning" of the act of 1880; no doubt this averment may be controverted by the creditors, or any of them, and, if put in issue, it should be established by the debtor as a fact. (*Hunt* v. *His Creditors*, 9 Cal. 45; *In re Thomas* (Cal.), 44 Pac. Rep. 327.) But we think it was quite sufficient to invoke the jurisdiction of the court to declare the petitioner insolvent. The motion to dismiss the appeal should be denied, and the order appealed from should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the motion to dismiss the appeal is denied, and the order appealed from is affirmed.

HARRISON, J., VAN FLEET, J., GAROUTTE, J.