# VILLAGE OF PAGE v. WILL FARMERY.

## (150 N. W. 471.)

**Courts — judicial notice — incorporated villages — allegation — proof.**

1. The courts will take judicial notice of the fact of the incorporation of the villages of the state; and such being the case, no allegation or proof of the fact is necessary upon a trial.

**Incorporated village — poll tax — collection — enforcement.**

2. Under article 6 of chapter 267 of the Laws of 1907, being § 3888 of the Compiled Laws of 1913, an incorporated village has the same power to enforce the collection of poll taxes within its borders as has the township in districts which are not within the area of incorporated cities and villages.

**Collection of poll taxes — action — name of city — complaining witness — officer.**

3. Where a village undertakes to enforce the collection or working out of its poll taxes under the provisions of § 3888 of the Compiled Laws of 1913, §§ 1426, 1428–1430, 1432, 1433, 1435, and 1436, Rev. Codes 1905, being §§ 2010, 2017–2019, 2021, 2022, 2024, and 2025 of the Compiled Laws of 1913, such action may be brought in its name; and it is immaterial whether the complaining witness states that he is road overseer of the village, or street commissioner thereof, as under § 3888, Compiled Laws of 1913, the powers of township overseers of highways are conferred upon the corresponding officers of incorporated villages.

4. The proceedings provided for in § 2022, Compiled Laws of 1913, are *sui generis,* and no formality in the pleadings is required.

Opinion filed January 4, 1915.

Appeal from the District Court of Cass County; *Pollock,* J.

Action to recover penalty for failure to comply with the statutory provisions relating to the poll tax. Judgment for plaintiff. Defendant appeals.

Affirmed.

Statement of facts by BRUCE, J.

This is an appeal from an order overruling a demurrer to a complaint. The action is one to recover the statutory penalty for failing to appear and to work out a poll tax. The complaint is made by one J. A. Egan,

29 N. D.—14.

who alleges that he is the road overseer for the village of Page, and the plaintiff in the action is the village. The matter was appealed from the justice court on questions of law and of fact, and on such appeal a written demurrer was interposed. The district court overruled the demurrer and ordered judgment affirming the decision of the justice court, which was against the defendant. The transcript and pleadings in the case are as follows:

### Complaint.

J. A. Egan, being duly sworn, says that he is road overseer for the village of Page, Cass County, N. D., and was during 1913; and on the 14th day of July, 1913, at Page, N. D., he notified one William Farmery, a resident of said road district, in said village, to appear and work his poll tax on the 18th day of July, 1913; but said Farmery then and there refused, and has failed to appear and work said poll tax, though a resident of said village and duly assessed to work on said roads. Wherefore affiant asks that a summons issue, and that said Farmery be cited to appear and show cause why the law should not be enforced against him.

J. A. Egan (Jurat)

### Transcript of Justice Docket.

Complaint against defendant was made by J. A. Egan, the overseer of highways, for failure to appear and work on the road of said district. Summons was issued on the 18th day of July, 1913, returnable on the 24th day of July, 1913. At the time set the parties appeared. The plaintiff, the village of Page board, and J. A. Egan, and W. J. Courtney as attorney. After hearing the evidence I find the defendant, Wm. Farmery, is and has been a resident of the village of Page for more than five years last past; that it is the only place he has voted and claimed a residence; that he was during the past year a resident of said village, and liable to pay his poll tax in this district, and that under the law is liable to a fine of $12 for six days of failure to appear after being warned out, and costs taxed at $2.75; total judgment against the

defendant of $14.75 in favor of the village of Page.   Judgment is entered accordingly.

Dated July 24—1913.

E. H. Treneman, Justice of the Peace, Village of Page.

*Pfeffer & Pfeffer,* for appellant.

There is a defect of parties plaintiff.   This is a case in the nature of a civil action to recover a penalty imposed by statute.   The complaint is made by a so-called "road overseer" for the village.   The law makes no provision for such officer for a village.   Rev. Codes 1905, §§ 1432, 2864, 7394, 7395; State v. Messner, 9 N. D. 186, 82 N. W. 737.

A village can exercise no power which is repugnant to the common or statute law of the state.   Haywood v. Savannah, 12 Ga. 404; State v. Burns, 45 La. Ann. 34, 11 So. 878; Jersey City Supply Co. v. Jersey City, 71 N. J. L. 631, 60 Atl. 381, 2 Ann. Cas. 507; Weith v. Wilmington, 68 N. C. 24; Re Tax-Receipts, 12 Phila. 637; Lafayette v. Cox, 5 Ind. 38; Henderson v. Covington, 14 Bush, 312; Port Huron v. McCall, 46 Mich. 565, 10 N. W. 23; Leonard v. Canton, 35 Miss. 189; Cleveland School Furniture Co. v. Greenville, 146 Ala. 559, 41 So. 862; Joplin v. Leckie, 78 Mo. App. 8.

A road district is not a corporation.   Rev. Codes 1905, §§ 1443, 2892; Sebrell v. Fall Creek Twp. 27 Ind. 86; Denver v. Myers, 63 Neb. 107, 88 N. W. 191.

The village of Page may be a road district, or may form a part of one; yet this would not authorize a road overseer to institute action to recover the penalty named.   Denver v. Myers, 63 Neb. 107, 88 N. W. 191; Rev. Codes 1905, §§ 1404, 1443, 3058; McManus v. Weston, 164 Mass. 263, 31 L.R.A. 174, 41 N. E. 301; Lynch v. Rutland, 66 Vt. 570, 29 Atl. 1015.

The allegation of the complaint must clearly show a right to the penalty in the plaintiff.   Facts sufficient to cover and embrace both the letter and spirit of the statute must appear.   State v. Messner, 9 N. D. 186, 82 N. W. 757; Western U. Teleg. Co. v. Kinney, 106 Ind. 468, 7 N. E. 191; Hadley v. Western U. Teleg. Co. 115 Ind. 191, 15 N. E. 845; Reese v. Western U. Teleg. Co. 123 Ind. 294, 7 L.R.A. 583, 24 N. E. 163.

*W. J. Courtney,* for respondent.

This action is brought for the road district, and by and through its proper officer. Rev. Codes 1905, §§ 7394, 7395.

The highway officer has full authority. Rev. Codes 1905, § 1433.

BRUCE, J. (after stating the facts as above). This opinion is filed upon a rehearing. It is claimed by defendant (1) that under the provisions of § 7395, Rev. Codes 1905, § 8015, Compiled Laws of 1913, penalties can only be recovered by the party for whose benefit the recovery can be had; (2) that although §§ 1433–1435 and 1436, Rev. Codes 1905, §§ 2022–2024 and 2025, Compiled Laws of 1913, make provisions for the imposition of penalties in proper cases for failure to perform work at the command of a road overseer, which penalty when recovered is to be paid to the road overseer of the district, to be by him expended in improving the roads and bridges in his district, and although the complaint alleges that the complaining witness is road overseer for the village of Page, there is no provision in the statute providing for the appointment of overseers of highways by the board of trustees of an incorporated village; (3) that even if it be assumed that the village of Page is an entire road district of Page township, and that the complaining witness is the overseer of such district, yet the district is not itself a legal entity and has no capacity to sue, and that the road overseer is not an officer of the district or of the village but of the township, and that the penalty, if recoverable at all, can only be recovered by the said township; (4) that the plaintiff and respondent, the village of Page, is an incorporated village, and that the court will take judicial notice of the fact, yet the complaint fails to allege any such incorporation; and (5) that under §§ 1428 and 1432, Rev. Codes 1905, §§ 2017, 2021, Compiled Laws of 1913, every person liable to work on the highways may elect to commute for the same or some part thereof, and that the complaint fails to allege whether or not the defendant elected to so commute; and (6) that under § 1433, Rev. Codes 1905, § 2022, Compiled Laws of 1913, no complaint is authorized unless the defendant has failed to render a satisfactory excuse, and that there is no allegation as to whether such excuse has been furnished or not.

There is certainly no merit in point 3, that the village of Page is

incorporated, and that the court will take judicial notice of the fact, and yet there is no allegation to that effect. Counsel is correct in his assumption that the court will take judicial notice of the fact of the incorporation of the cities and villages of the state. See subdiv. 18, § 7319, Rev. Codes 1905, § 7938, Compiled Laws of 1913. Such being the case, however, no allegation or proof was necessary. See 31 Cyc. 47; French v. Senate of California, 146 Cal. 604, 69 L.R.A. 556, 80 Pac. 1031, 2 Ann. Cas. 756; Re Chope, 112 Cal. 630, 44 Pac. 1066.

Nor is there any merit in the proposition that although the complaint alleges that the complaining witness is road overseer for the village of Page, there is no provision in the statute providing for the appointment of any such officer by the board of trustees of an incorporated village, and that therefore the penalty, if recoverable at all, can be recovered by the township alone. The proceedings, it is true, were taken in the manner prescribed by §§ 1426, 1430, 1432, 1433, 1435, and 1436, Rev. Codes 1905, being §§ 2010, 2019, 2021, 2022, 2024, and 2025, Compiled Laws of 1913, and these sections relate primarily to proceedings which are brought by the townships and by the township road overseers. Section 2864, Rev. Codes 1905, being § 3861, Compiled Laws of 1913, however, gives to the board of trustees of incorporated villages the power "to appoint street commissioners," while § 2888, Rev. Codes 1905, being § 3893, Compiled Laws of 1913, gives to such trustees the power "to superintend the grading, paving, and improving of streets."

Section 6 of chapter 267 of the Laws of 1907, being § 3888 of the Compiled Laws of 1913, provides that "the same powers and duties in regard to the levy, collection, and expenditure of road taxes, which are now by law conferred and imposed upon township supervisors, township road overseers, justices, and constables, are hereby conferred and imposed upon the corresponding village officers, in so far as such powers and duties do not conflict with the provisions of this article."

There can be no doubt that under the provisions of the Revised Codes of 1905, and prior to the enactment of chapter 267 of the Laws of 1907, the position of appellant would have been tenable, and that actions of this sort would have had to be brought in the name of the township and by the township road overseer. There can be no doubt, however, that now and since the passage of chapter 267 of the Laws of 1907,

such actions may be brought by the corresponding village officials and in the name of the village. We cannot, in fact, read the chapter without being convinced of the clear intention to adopt the provisions contained in §§ 1426, 1428–1430, 1432, 1433, 1435, and 1436, Rev. Codes 1905, being §§ 2010, 2017–2019, 2021, 2022, 2024, and 2025 of the Compiled Laws of 1913, and which relate to townships and township officers, and to apply them to highways which are contained within the limits of incorporated villages, giving to the corresponding village officers the same powers and duties which are conferred by the sections above-mentioned upon township road overseers, and imposing the duties of levying and collecting the taxes upon the village, rather than upon the township. The demurrer admits that the complaining witness is in fact "the road overseer of the village of Page." Section 3888 of the Compiled Laws of 1913 gives to the corresponding officer of the village the same powers as are conferred upon the township road overseer. It is immaterial, therefore, what the specific title of the officer may have been.

When we come to consider the 5th point, which is that the complaint fails to state whether or not the defendant elected to commute, and whether he did or did not fail to present a satisfactory excuse to the road overseer, and the contention that the complaint fails to state a cause of action under the general rule "that where there is an exception in the enacting clause of a penal statute, or in the clause which defines the offense, the plaintiff suing under it must show that the defendant is not within it, we are of the opinion that the point is not well taken, nor is the rule applicable in the proceeding under consideration in the case at bar. We are satisfied, indeed, that it was the intention of the legislature that no formal pleadings should be required under the proceedings authorized by the statute before us, and that such proceedings are *sui generis.*" Section 2022, Compiled Laws of 1913, merely provides that the road overseer shall *make complaint* to one of the justices of the peace, while § 2023 provides that, on such complaint being made, the defendant shall be summoned "to show cause why he should not be fined according to law." It is to be noticed that the collection of this road tax is a matter in which the state's attorney cannot be called upon to act, nor is there any other public attorney provided by law whose duty it is. The duty devolves entirely upon the road overseer, who in

the great majority of cases must necessarily be one who is unacquainted with the strict forms of legal procedure. It would seem unreasonable to require such person to pay for the services of an attorney, and there is no provision anywhere for such expenditure. The statute speaks of showing cause, rather than of interposing a defense. We are satisfied that the procedure was intended to be *sui generis,* and that all that is required is that the defendant shall have a fair hearing and be fully informed of the charges which are made against him. The record in this case conclusively shows that the point urged by appellant was neither urged in the justice's court nor in the district court, and that the defendant had a full hearing upon the other questions which we have passed upon. He therefore had his day in court and a fair hearing, and this, we believe, is all that the statute requires. It is, too, to be noticed that the summons which was made out by the justice of the peace and served upon the defendant contains the negations which appellant claims should have been made in the complaint, and as fully informed the defendant of the issues as could any formal complaint.

The judgment of the District Court is affirmed.