[No. 11791.   Department One. — June 14, 1887.]

# ALEXANDER THOMPSON ET AL., APELLANTS, *v.* WILLIAM SPRAY, RESPONDENT.

MINING CLAIM — NOTICE OF LOCATION — AMENDED NOTICE —.OMISSION OF NAMES OF PRIOR LOCATORS — ABANDONMENT. — Where several persons post a notice of location on a mining claim, and sign the same as locators, a subsequent notice posted on the same claim, signed by a part only of the original locators, and by other persons whose names were not on the first notice, is an original notice so far as the new locators are concerned, but does not affect the rights of the prior locators whose names are omitted, nor operate as an abandonment of the first notice by the persons whose names are signed to both; and in an action by all the persons whose names are signed to the notices, to quiet their title as against an adverse claimant, the second notice is admissible in evidence.

ID. — EVIDENCE OF CITIZENSHIP — CHILDREN BORN IN STATE — NONSUIT. — In such an action, the evidence of one of the plaintiffs that he was a citizen of the United States at the time of the location, and that the other plaintiffs were his children, and were all born in the state of California, is sufficient proof of the citizenship of the plaintiffs to prevent a nonsuit on the ground that they were not citizens at the time of the location.

ID. — MINORS MAY MAKE LOCATION. — Under section 2319 of the United States Revised Statutes, minors who are citizens of the United States may locate mining claims.

ID. — RATIFICATION OF LOCATION — BRINGING SUIT. — An unauthorized location of a mining claim in the name of a third person, by one assuming to act as his agent, may be ratified by the former; and the bringing of a suit by him to quiet the title acquired under the location is a sufficient ratification.

ID. — RECORDING AND FILING NOTICE — CUSTOM. — In the absence of a custom requiring it, the recording of a notice of location of a mining claim is not essential to its validity; and even where such a custom prevails, the fact that the notice is recorded before it is posted does not render it invalid.

ID. — EXCESSIVE LOCATION — VALIDITY OF. — A location of a mining claim is not invalid because the notice of location claims more land than the locators are entitled by law to hold.   In such a case, the location is good· for so much as the locator is entitled to hold, and void for the excess only.

ID. — ACTION TO QUIET TITLE TO CLAIM — AVERMENT OF CITIZENSHIP. — The complaint in an action to quiet title to a mining claim, which does not show on its face that it is brought under section 2326 of the United States Revised Statutes, is not defective for failing to allege that the plaintiff is a citizen of the United States.

APPEAL from a judgment of the Superior Court of Amador County, and from an order refusing a new trial.

The action was brought to quiet title to a mining claim. The further facts are stated in the opinion.

*Eagon & Armstrong*, and *A. C. Brown*, for Appellants.

*Rust & Caminetti*, for Respondent.

HAYNE, C.—The action is in relation to a placer mining claim in Amador County, and was brought by Alexander Thompson, Sen., and his five children mentioned below. At the trial a notice of location was introduced in evidence, dated January 20, 1882, and signed with the names Alexander Thompson, James Thompson, Alexander Thompson, Jr., and Matilda Thompson. The plaintiffs then offered what they styled an "amended" notice, which bore the same date, and contained a fuller description of the property, and was signed with the names Alexander Thompson, Matilda Thompson, Margaret Thompson, and Bedelia Thompson. It will be observed that the second notice omits two of the names on the first, and inserts two new names in their place. The defendant objected to the introduction of the second notice, on the ground that it was not an "amended" notice, inasmuch as the names were not the same, and that no abandonment of the first notice had been shown. The court sustained the objection and excluded the evidence.

We think this was error. There does not appear to be any statute of this state providing for amending notices of location, as is the case in Colorado. But we see no reason why, if locators have any apprehension as to the sufficiency of their notice, they may not put up another one. Whether the second notice is to be treated as an original notice, or whether it relates back to the posting of the first one, is a question as to its effect which it is

not material to consider. In the present case the rights of James Thompson and Alexander Thompson, Jr., whose names were on the first notice, but not on the second, could not be affected by the posting of the second notice. (*Morton* v. *Solambo etc. Co.*, 26 Cal. 527; *Gore* v. *McBrayer*, 18 Cal. 588.) Margaret and Bedelia Thompson had nothing to do with the first notice. Their rights rested on the second, which, as to them, was an original notice; and they were certainly entitled to have it introduced in evidence. With respect to the two who were on both notices, we think that they also were entitled to have the second introduced in evidence. The second would not operate as an abandonment of the first. (*Weill* v. *Lucerne Mfg. Co.*, 11 Nev. 212, 213.) But it was not necessary to show such abandonment to render the second notice admissible. The question as to the rights of the plaintiffs as between themselves does not arise in this action.

Upon the close of the plaintiffs' evidence several motions for nonsuit were made and granted. The first motion was as to Margaret and Bedelia Thompson. Their notice of location having been excluded, the motion was granted; but as above shown, the exclusion of the notice was erroneous.

The defendant then moved for a nonsuit as to James, Matilda, and Alexander Thompson, Jr. This motion was denied as to Matilda, and granted as to the others. It was upon four grounds, viz.: that they were not citizens of the United States; that they were minors at the time of the location; that the use of their names was unauthorized; and that the notice was recorded before it was posted.

Were the plaintiffs citizens of the United States at the time the location was made? We think the evidence shows that they were. The father testified as follows: " I and each of my co-locators were, at the time of location of said mining claim, citizens of the United States; my children were born in the state of California."

The testimony that all the locators were "citizens" would, perhaps, have been excluded, as being a conclusion of the witness, if it had been objected to. But it having been allowed to go in without objection, we think it was of itself sufficient to prevent a nonsuit upon this ground. With reference to the children, the matter was put beyond cavil by the statement that they were born in California. The provision of the statute is that "all persons born in the United States, and not subject to any foreign power, excluding Indians not taxed, are declared to be citizens of the United States." (Rev. Stat., sec. 1992.) Here citizenship from birth is the rule. Subjection to a foreign power is the exception. A case will not be presumed to fall within the exception. Hence proof of birth within the United States is sufficient in the absence of a showing of subjection to a foreign power. (See *Golden Fleece Co.* v. *Cable Con. Co.,* 12 Nev. 325, 326.) The testimony of the father was good evidence of the place of birth. The provision for proof of citizenship by affidavit, if it applies (Rev. Stat. U. S., sec. 2321), is not exclusive of other modes of proof.

Does the fact that these plaintiffs were minors at the time of the location invalidate the notice as to them? We have not been referred to any decision which holds that it does. The provision of the statute is that mineral deposits in public lands are open to "citizens of the United States and those who have declared their intention," etc. (Sec. 2319.) No requirement that the citizen shall be of any particular age is expressed. And unless we are prepared to affirm that minors are not citizens, we do not see how we can say that they are not entitled to the benefit of the act. This conclusion is strengthened by the circumstance that in some instances the statute expressly requires that the citizen shall be of age. Thus in reference to coal-lands the provision is, that "every person above the age of twenty-one years who is a citizen of the United States," etc. (Sec. 2347.)

So with reference to homesteads, the provision is that "every person . . . . over the age of twenty-one years, and a citizen," etc. (Sec. 2259.) The expression of a requirement as to age in some instances and the omission of it in others is significant. Nor is there any reason in the nature of things why a minor may not make a valid location. After the preliminary steps are taken, all that is required is that a certain amount of work shall be done. If the minor can do it, or can get any one to do it for him, the condition imposed by the statute is fullfilled; if he cannot, his claim lapses, and the mine is open to location by others. It may be added that, so far as we know, it is the practice in many mining communities for minors to locate claims.

Did the father's want of authority from his children invalidate the notice as to them? He testified as follows: "I had no power of attorney to sign the notice for my children, nor to authorize Mr. Price to sign their names. None of them gave me or him authority to sign their names. . . . . I acted for them, but without their knowledge until after their names were signed, notice recorded and posted." Unless there is an implication from the foregoing that he acted with their knowledge after their names were signed, etc., it does not appear. that there was any ratification by all the children, except the bringing of the suit.

It cannot be doubted that the location of a mining claim may be made by agent. (*Gore* v. *McBrayer*, 18 Cal. 587.) And wherever there is a local custom to that effect, it is not necessary that the person in whose name a location is made should be aware that it has been made. (*Morton* v. *Solambo etc. Co.*, 26 Cal. 534.) In the absence of evidence of such a custom, we think that there must be either authority in the first instance or a ratification. Whether a ratification will be presumed, in accordance with what is said in *Gore* v. *McBrayer*, above cited, and whether, if presumed or proven, it will

relate back to the posting so as to cut off intervening rights (compare *Hibberd* v. *Smith*, 67 Cal. 547), need not be decided. For the bringing of the suit, which must be taken to have been by authority, is a sufficient ratification; and, as far as the record goes, we cannot know that there were any intervening rights, the assertions in the answer being denied by force of the statute, and the defendant not having introduced any evidence.

Does the fact that the notice was recorded before it was posted render it invalid? We think not. No record is necessary in the absence of a custom requiring it. (*Golden Fleece Co.* v. *Cable Co.*, 12 Nev. 323; *Southern Cross Co.* v. *Europa Co.*, 15 Nev. 384; *Jupiter Co.* v. *Bodie Co.*, 7 Saw. 114.) No such custom was proved in this case. And it is clear that the doing of an unnecessary act cannot vitiate the notice. But if such a custom were shown, we do not think the mere order in which the acts are done of sufficient importance to render them of no effect. (See generally *North Noonday Co.* v. *Orient Co.*, 6 Saw. 313.)

This motion, therefore, was improperly granted. After it had been granted, the defendant moved for a nonsuit as to the two remaining plaintiffs, viz., Matilda and Alexander Thompson, Sen., partly upon grounds already considered, and partly upon the ground that the dismissal of the action as to the other plaintiffs left these two claiming more than they were entitled by law to hold. But in such case the location is good for as much as the party is entitled to hold, and void for the excess only. (*Richmond Co.* v. *Rose*, 114 U. S. 576.)

It results that the nonsuit as to Matilda and Alexander Thompson, Sen., was improperly granted.

The respondent, however, seeks to uphold the judgment on the ground that the action is under section 2326 of the United States Revised Statutes, and that so treating it the complaint is defective in that it does not aver that the plaintiffs are citizens. But there is noth-

ing in the complaint to lead any one to suppose that it was brought under the provision mentioned. It is sufficient as a complaint to quiet title to a mining claim. (See *Pralus* v. *Jefferson etc. Co.*, 34 Cal. 559; *Pralus* v. *Pacific etc. Co.*, 35 Cal. 34.) The plaintiff's motive in bringing the action, or the use which he may be able to make of the judgment, should he obtain one, cannot affect the question of the sufficiency of the complaint.

In the case of *Lee Doon* v. *Tesh*, 68 Cal. 44, the complaint itself showed that it was brought under section 2326, and the question whether it could not have been upheld as a complaint in an ordinary action to quiet title was not made or considered. The court did not hold that in all actions in relation to mining claims the complaint must aver the citizenship of the plaintiffs. It guarded its decision from any such inference by saying: "We must not be understood as holding that in all actions in relation to mining claims it is necessary for plaintiffs to aver citizenship." And we think that, in ordinary actions in relation to mining claims, the general allegation that the plaintiff is "the owner," etc., covers all the essential elements of ownership.

We therefore advise that the judgment be reversed, and the cause remanded for a new trial.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded for a new trial.