| 78 | 543 |
| 83 | 188 |
| 83 | 298 |
| 78 | 543 |
| 86 | 130 |
| 78 | 543 |
| 125 | 638 |

[No. 12646. In Bank. — March 30, 1889.]

JOHN SOUTER, RESPONDENT, *v.* WILLIAM W. MA-GUIRE ET AL., APPELLANTS.

PLEADINGS — ULTIMATE FACT — OWNERSHIP. — An allegation that the plaintiff is "the owner" of land is of an ultimate fact, and is a sufficient statement of the plaintiff's right in an action to quiet title.

FINDINGS — SECONDARY FACTS. — Findings of secondary facts, from which the ultimate fact necessarily follows, are sufficient.

ID. — MINING CLAIM — ABANDONMENT. — Findings showing a continuous possession of a mining claim by the locator, and the performance by him annually of the amount of work required by law, down to the commencement of the action, are a sufficient disposition of an issue as to abandonment.

MINING CLAIM — LOCATION ON LAND ALREADY TAKEN. — A location upon land upon which there already exists a valid location is invalid, no matter how perfect in form the proceedings upon the second location may be.

FINDINGS — IMMATERIAL ISSUES. — Immaterial issues need not be found. If a judgment in favor of plaintiff does not award any damages, an issue as to damages is immaterial.

MINING CLAIM — RECORD OF NOTICE OF LOCATION. — A notice of location need not be recorded unless there is a local rule-or custom requiring its record.

MINING CLAIM — MARKING BOUNDARIES — WHAT SUFFICIENT. — Where the locator marked the corners of the end lines, and placed a stake or blazed a tree at each corner of the claim, and in places "brushed out" the lines so that a person could get through, and placed a notice in the center of the claim defining its boundaries, *held*, sufficient to justify a finding that he marked off the boundaries as required by the statute.

APPEAL from a judgment of the Superior Court of Shasta County, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. Chadbourne*, and *James E. Isaacs*, for Appellants.

*Clay W. Taylor*, *Edward Sweeny*, and *McKune & George*, for Respondent.

HAYNE, C. — Action to quiet title to a mining claim, and for an injunction. The trial court gave judgment for the plaintiff, and the defendants appeal.

The appellants make a number of points in regard to the pleadings and findings, which are based upon the idea that it is not sufficient in cases of this character for the plaintiff to allege that he is "the owner" of the property, but that he must set out the facts showing him to be such. But ever since the case of *Payne* v. *Treadwell*, 16 Cal. 242, it has been held that the ownership is the ultimate fact, and that, as a general rule, it is sufficient to allege it in terms. (*Garwood* v. *Hastings*, 38 Cal. 217; *Ferrer* v. *Home Mutual Ins. Co.*, 47 Cal. 431; *Miller* v. *Brigham*, 50 Cal. 615.) And this is true in actions to quiet title to mining claims. (*Thompson* v. *Spray*, 72 Cal. 534.)

The findings are more specific than the complaint. They set forth a number of secondary facts, from

which it necessarily follows that the plaintiff's allegation as to ownership is true. It is well settled that this is proper. (*Coveny* v. *Hale*, 49 Cal. 555; *Alhambra Water Co.* v. *Richardson*, 72 Cal. 601.) The appellants object that the findings do not dispose of certain issues raised by the pleadings. But the issue as to abandonment is sufficiently disposed of by the finding that when the claim was located the plaintiff took possession of said claim, and constantly and continuously maintained such possession, and performed annually thereon the assessment work and labor required by law, to wit, one hundred dollars per annum for each and every year down to and including the time of the commencement of this action." The affirmative defense setting up the elements of the defendants' claim is disposed of by the findings showing that the plaintiff's claim was valid. For if the plaintiff's claim was valid, a subsequent location by another, no matter how correct in form the proceedings may be, is invalid. (*Belk* v. *Meagher*, 104 U. S. 284.) And the issue as to damages is immaterial, because the judgment did not give plaintiff any damages. The pleadings and findings seem to us to be sufficient.

The appellants contend, however, that the findings are not supported by the evidence. It is expressly admitted that it must be held that the plaintiff performed the required amount of work. The respects in which it is claimed that the evidence is insufficient are the following:—

(a) It is said that there is no evidence that the plaintiff discovered a vein or lode. But we think there was sufficient evidence on this point.

(b) It is contended that the plaintiff never put up a notice of location. But we think that the evidence shows that he did. The fact that the notice was not recorded is immaterial, there being no evidence of a local rule or custom requiring it to be recorded. (*Thompson* v. *Spray*, 72 Cal. 533.)

(c) It is urged that there was no evidence that the plaintiff marked off the location on the ground so that its boundaries could readily be traced. But the court finds that he did. And there is evidence that he marked the corners of the end lines, and placed a stake or blazed a tree at each corner of the claim, and in places "brushed out" the lines so that a person could get through, and placed a notice in the center of the claim defining its boundaries. This was sufficient under the circumstances. (*Southern Cross Co.* v. *Europa Co.*, 15 Nev. 384; *Du Prat* v. *James*, 65 Cal. 558; *North Noonday Co.* v. *Orient Co.*, 6 Saw. 310, 311.)

The other matters do not require special notice.

We therefore advise that the judgment and order denying a new trial be affirmed.

Belcher, C. C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed.