RAMÓN and JULIA PETRILLI, and NIEVES, ENRIQUE and EDUARDO ORTIZ-PETRILLI, Plaintiffs and Appellants, *v.* ROGELIO PÉREZ, Defendant and Appellee.

No. 3854. Argued April 28, 1926.—Decided July 16, 1926.

Arjona & Arjona for the appellants.   Felipe Colón Díaz for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

In this case judgment was rendered on the pleadings.

The plaintiffs averred in their complaint that they were the owners of 10.98 sixteenths of a certain property, which they fully described, and that the defendant, without good faith or just title, unlawfully detained the whole property, thereby depriving the plaintiffs of the possession and ownership of their share.   They prayed for judgment to the effect that the defendant restore to them their condominium in the property.

The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action and the court sustained the demurrer.   The plaintiffs moved that the ruling of the court be entered as its judgment.   It was so ordered and the plaintiffs interposed this appeal.

The lower court based its ruling on the ground that in the complaint no averment was made of "a true title to the property of a superior nature to that which the defendant may hold"; that there was no allegation of "facts to show how it was or is that the plaintiffs came to be the owners of the said share," and that they did not state that the share is undivided, or mention the name of the owner of the remaining share.

The appellants allege that the lower court erred and, in our opinion, they are right.

The Supreme Court of California in the case of Johnson v. Vance, 86 Cal. 129, 130, said:

"This is an action of ejectment.   It is. alleged in the complaint that on the_____ day of June, 1887, plaintiff 'was the owner in

fee-simple, and entitled to the possession,' of the land described as section 31, township 3 north, range 9 east, Mount Diablo base and meridian, and that afterwards, in the same month, the defendant entered on the land, and ousted and ejected the plaintiff therefrom. A general demurrer to the complaint was interposed and overruled.

\*       \*       \*       \*       \*       \*       \*

"It is claimed that the demurrer should have been sustained, because the only averment in the complaint as to the plaintiff's title to the demanded premises was that she was 'the owner in fee-simple,' etc. It is urged that this was an averment of a conclusion of law, and not of an ultimate fact; and hence that it was insufficient. This position cannot be maintained. In *Payne* v. *Treadwell*, 16 Cal. 243, the same objection to the complaint was made and overruled, and the law there declared as to the sufficiency of an averment, like that here called in question, has been approved and followed in numerous subsequent cases. (*Garwood* v. *Hastings*, 38 Cal. 217; *Turner* v. *White*, 73 Cal. 299; *Heeser* v. *Miller*, 77 Cal. 192; *Souter* v. *Maguire*, 78 Cal. 543.)"

The jurisprudence cited disposes of the first two grounds on which the district judge based his action in sustaining the demurrer.

As to whether the said condominium is undivided, it seems that that fact clearly appears from the complaint.

And as regards the owner of the remaining share or condominium, we believe that the complaint can not be considered fatally defective because the said owner is not expressly named therein. It is sufficient to set out that the defendant is in possession of the whole property without good faith or just title, thereby depriving the plaintiffs of the possession and ownership of the condominium of which they are the owners. The issue is thereby clearly presented.

The judgment appealed from should be reversed and the demurrer overruled, allowing the defendant ten days, from the date on which the judgment of this court is filed in the lower court, to answer the complaint.