'RAMÓN y JULIA PETRILLI, NIEVES y ENRIQUE y EDUARDO ORTIZ PETRILLI, demandantes y apelantes, *v.* ROGELIO PÉREZ, demandado y apelado.

No. 3854.—*Visto:* Abril 28, 1926. *Resuelto:* Julio 16, 1926.

1. REIVINDICACIÓN—ALEGACIONES Y EVIDENCIA—DE LA DEMANDA—TÍTULO O DOMINIO *(Ownership)* DEL DEMANDANTE—ALEGACIÓN SUFICIENTE DEL TÍTULO.— La abnegación de que los demandantes "son dueños de un condominio de..." sobre cierta finca que describen, es suficiente para establecer el título sobre la finca reclamada en una acción reivindicatoria.
2. REIVINDICACIÓN—ALEGACIONES Y EVIDENCIA—DE LA DEMANDA—SU SUFICIENCIA EN GENERAL—REIVINDICACIÓN DE UN CONDOMINIO EN UNA FINCA—OMISIÓN DE CONSIGNAR EL DUEÑO DEL CONDOMINIO RESTANTE.—Alegándose que

el demandado está en posesión de la totalidad de la finca sin buena fé ni justo título privando con ello a los demandantes de su posesión y dominio del condominio de que son dueños, no es insuficiente la demanda porque deje de consignar quién sea el dueño del condominio restante.

Sentencia de *Angel Acosta Quintero,* J. (Ponce), declarando sin lugar la demanda con costas. *Revocada.*

*Arjona & Arjona,* abogados del apelante; *Felipe Colón Díaz,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

La sentencia en este caso se dictó sobre las alegaciones.

Los demandantes sostienen en su demanda que son dueños de un condominio de diez y seis avas partes y noventa y ocho centésimas de otra sobre cierta finca rústica que describen debidamente y, además, que el demandado sin buena fe ni justo título detenta la finca descrita en su totalidad, privando a los demandantes de la posesión y dominio de su condominio. Solicitaron que se dictara sentencia condenando al demandado a restituirles el condominio en cuestión.

Alegó el demandado que la demanda no aducía hechos suficientes para determinar una causa de acción y la corte declaró la excepción con lugar. Los demandantes pidieron que la resolución se registrara como sentencia. Así se hizo y los demandantes interpusieron entonces el presente recurso de apelación.

La corte sentenciadora basó su resolución en que en la demanda no se alegó "un verdadero título sobre la finca reclamada, superior al que pueda tener el demandado;" en que tampoco se alegaron "hechos que acrediten cómo fué o es que vinieron a ser dueños (los demandantes) del mencionado condominio;" en que no se expresa que el condominio sea proindiviso, y en que no se consigna quién sea el dueño del condominio restante.

[1] Los apelantes alegan que la corte sentenciadora erró. Tienen razón a nuestro juicio.

La Corte Suprema de California en el caso de *Johnson* v. *Vance,* 86 Cal. 129, 130, se expresó así:

"Esta es una acción de reivindicación. Se alega en la demanda que el día ____ de junio de 1887, la demandante 'era dueña en pleno dominio, y con derecho a la posesión' del terreno descrito (*section 31, township 3 north, range 9 east, Mount Diablo base and meridian*) y que posteriormente en el mismo mes el demandado entró en el terreno, desalojando a la demandante del mismo. Se interpuso una excepción previa general a la demanda y fué declarada sin lugar."

  *  *  *  *  *  *  *

"Se sostiene que la excepción previa debió haber sido declarada con lugar porque la única alegación en la demanda respecto al título de la demandante sobre la finca objeto de reivindicación es que ella era 'dueña en pleno dominio,' etc. Y se alega que esto era la expresión de una conclusión de derecho y no de un hecho último, siendo por tanto insuficiente. Este criterio no puede sostenerse. En el caso de *Payne* v. *Treadwell,* 16 Cal. 243, se hizo la misma objeción a la demanda y fué desestimada, y la ley tal como allí fué establecida respecto a la suficiencia de una alegación semejante a la que aquí consideramos ha sido aprobada y seguida en numerosos casos posteriores. (Garwood v. Hastings, 38 Cal. 217; Turner v. White, 73 Cal. 299; Heeser v. Miller, 77 Cal. 192; Souter v. Maguire, 78 Cal. 543.)"

La anterior jurisprudencia resuelve los dos primeros motivos que tuvo el juez de distrito para declarar con lugar la excepción.

En cuanto a si el condominio es proindiviso, nos parece que resulta claramente de la demanda que lo es.

[2] Y en cuanto a quién es el dueño del condominio restante, creemos que no puede considerarse la demanda como fatalmente defectuosa porque no lo alegue en términos expresos. Es suficiente que se diga que el demandado está en posesión de la totalidad de la finca sin buena fe ni justo título, privando con ello a los demandantes de su posesión y dominio del condominio de que son dueños. La contienda queda así debidamente entablada.

*Debe revocarse la sentencia recurrida* y declararse sin lugar la excepción, concediéndose diez días al demandado, contados a partir del en que la sentencia de esta corte sea registrada en la corte inferior, para contestar la demanda.