[No. 12087.   Department One. — August 31, 1887.]

## GEORGE E. TURNER, APPELLANT, *v.* JAMES WHITE ET AL., RESPONDENTS.

PLEADING — ULTIMATE FACT — CONCLUSION OF LAW. — In general, the allegation that one is "the owner" of land is of an ultimate fact. But the context may be such as to show that it is a mere conclusion of law. The allegation in this case held to be a mere conclusion of law.

DENIAL. — The denial of a conclusion of law raises no issue.

ADMISSIONS IN PLEADINGS. — It is error to admit evidence to contradict admissions in the pleadings, if a proper objection be interposed.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Thomas S. Ford,* for Appellant.

The answer of the defendants was insufficient, as the complaint being verified, the denials should have directly traversed each material allegation. The allegations of ownership that were not specifically denied must be taken as true. (Code Civ. Proc., secs. 437, 462; *Hill* v. *Smith,* 27 Cal. 479; *Gas Co.* v. *San Francisco,* 9 Cal. 453; *Hursley* v. *Tartar,* 14 Cal. 508; *Gay* v. *Winter,* 34 Cal. 153; *Blankman* v. *Vallejo,* 15 Cal. 638; *Fish* v. *Redington,* 31 Cal. 185; *Landers* v. *Boton,* 26 Cal. 426.)

*Frank Power,* for Respondents.

HAYNE, C. — The action was brought to set aside a deed from the defendant James White to the defendant Martha White, as being in fraud of creditors. But at the trial, the plaintiff abandoned his charge of fraud; and both court and counsel seem to have come to the conclusion that the property was not really included in it; and the action appears to have proceeded as an action to quiet the plaintiff's title.

The plaintiff's theory was, that he acquired the title

through a sale under execution against the defendant James White. The defendant's theory, as developed by the evidence, was, that James White never had any interest in the property. The validity of the execution proceedings not being questioned, it will be seen that the ownership of James White, at the time of the execution sale, was a central point in the case. But this point must be resolved in favor of the plaintiff upon the pleadings. The complaint alleges that at the time of the levy James White was the owner. The only thing approaching to a denial is the following: "Defendants deny that the plaintiff is the owner or in possession of the property in his complaint described, but aver that it is the property of the defendant Martha S. White; denies that the plaintiff ever was the owner of any of said property."

With reference to the averment that "it is the property of the defendant Martha S. White," it is sufficient to say that at most it speaks only from the time of the commencement of the action, and is not at all inconsistent with the allegation that at some prior time James White was the owner.

With reference to the remainder of the paragraph quoted, we were at first inclined to treat it as sufficient, upon the ground that the allegation of the plaintiff's ownership was the ultimate fact alleged, and that the averments of how he acquired the title were averments of mere evidence, which need not be denied. But after consideration, we do not think the allegation in the complaint can be so treated. It is perfectly true that, in general, an allegation that a party is the owner of real property is an allegation of an ultimate fact, and not of a conclusion of law. (*Payne* v. *Treadwell,* 16 Cal. 242; *Garwood* v. *Hastings,* 38 Cal. 217; *Ferrer* v. *Home Mut. Ins. Co.,* 47 Cal. 431.) But as held in *Levins* v. *Rovegno,* 71 Cal. 273, the same averment or statement may be of a fact or of a conclusion, according to the context. Now, in the present case, the complaint first avers the

ownership of James White at a certain date, and then sets out the execution proceedings against him, and then has the following: "That *by virtue* of the deed of conveyance from said constable, plaintiff became seised of, and ever since has been seised of and the owner of, said premises, and entitled to the possession thereof." This we think is not the averment of unqualified ownership in the plaintiff, but only of the consequence resulting from the deraignment set forth. In other words, it is a mere conclusion, and its denial raises no issue.

The allegation of the ownership of James White at the time of the levy, therefore, stands admitted. In this condition of the pleadings, it was error to allow James White to testify, against proper objection, that the property had never belonged to him; and the finding to that effect is against the admissions of the pleadings.

The deed from James to Martha White does not help the defendants' case in this regard, because they seem to have exerted themselves to show that the property was not included in it.

We therefore advise that the judgment be reversed, and the cause remanded for a new trial, with leave to the defendants to amend their answer.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded for a new trial, with leave to the defendants to amend their answer.

Hearing in Bank denied.