[No. 12649. In Bank. — November 22, 1888.]

GEORGE E. TURNER, APPELLANT, v. JAMES WHITE ET AL., RESPONDENTS.

PRACTICE — PLEADINGS — ADMISSION ON TRIAL OF FALSITY OF ESSENTIAL ALLEGATION — IMMATERIAL ERROR. — Where on the trial the plaintiff admits the falsity of certain allegations of his complaint, which were essential to his cause of action under every possible construction of the pleading, any error in the admission or rejection of evidence is harmless, and will not entitle him to a reversal of the judgment.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Thomas S. Ford*, for Appellant.

*Frank Power*, for Respondents.

Works, J.—This is the second time this case has been before us. On the former hearing, it was reversed, on the ground that the defendants had been permitted, in the court below, to make proof of certain matters not put in issue. (*Turner* v. *White*, 73 Cal. 299.)

Upon a second trial there was judgment for the defendants, from which and an order denying him a new trial, the plaintiff appeals.

The complaint is very long, and was evidently intended as one to set aside a deed on the ground that it was made to defraud creditors. It alleges, in substance, that on the twelfth day of June, 1880, the defendant James White was the owner of certain real estate (describing it), and on said day conveyed the same to his co-defendant, who was his wife; that the conveyance was without consideration, and made to defraud creditors, which was known to the grantee; that on the first day of October, 1881, said White became indebted to plaintiff in the sum of $51.79; that he sued and recovered a judgment therefor, caused execution to issue, and the property to be sold by a constable, became himself the purchaser, and received a constable's deed therefor. The complaint further alleges "that said real property was subject to and liable on execution for the debts and obligations of defendant James White, who was the owner thereof; that by virtue of the deed of conveyance from said constable, plaintiff became seised of, and ever since has been and now is seised of, and the owner of, said premises, and entitled to the possession thereof; that the said purported deed of James White, conveying all his property to his wife, in no manner altered or affected the title, *status*, or condition as against this

plaintiff, of the property herein described as purchased by plaintiff, *but that nevertheless the said conveyance now operates as a cloud upon the plaintiff's title* to the said purchased property."

The value of the rents and profits of the real estate is stated, of which sum it is alleged plaintiff has been wrongfully deprived by the defendants, "*and by the continuance of the use and occupation of said premises* by defendant's plaintiff has and will be deprived of such use and occupation, to his damage in the sum of $250 in addition thereto."

The prayer of the complaint is for judgment "that the defendant James White was the real owner of said described premises at the time of the recovery of the judgment aforesaid, the issuing of the execution, and the sale and conveyance by said constable to plaintiff, and that defendant Martha S. White held her purported title to the same by fraud, and in violation of the plaintiff's rights; that the said purported conveyance from said James White to his wife, so far as it affects the property purchased by plaintiff, be decreed to be fraudulent and void, of no legal force or effect, and that plaintiff is the legal owner of said premises, and entitled to the possession thereof; that defendants may be decreed to make, execute, acknowledge, and deliver to plaintiff a deed of conveyance of all their right, title, and interest in and to said premises described, and if they make default in doing so on a day to be fixed by the court, that some competent person may be appointed by this court to do it for them; that plaintiff recover the sum of five hundred dollars damages for the withholding of said property, and the loss of the value of the rents, issues, and profits thereof; that such general relief as the nature of the case may require may be awarded, and that plaintiff also have judgment for costs."

The answer denied that any deed of the property in controversy had been given by White to his wife.

The opening of the bill of exceptions containing the evidence has this recital:—

"On the second trial of this cause, before the offer of any evidence, the plaintiff read to the court and filed with the clerk a written statement, admitting as true the allegations of defendant's answer that the property in controversy was not included in the deed of June 18, 1880, and never was conveyed by defendant James White to his wife, the other defendant. *The trial then proceeded as an action to quiet title.*"

The alleged errors relied upon for a reversal relate to the admission and exclusion of evidence; and the findings of the court, it is claimed, were not sustained by the evidence.

As the facts appear in this record, we cannot conceive of any ruling upon the evidence or any finding of the court that could possibly work the plaintiff any injury. The one and only allegation in the complaint that gave him a cause of action to quiet title was, that the deed of June 18, 1880, had been executed by White to his wife, and was a cloud on plaintiff's title. There is no general allegation in the complaint that either of the defendants are claiming or asserting any title or interest in the property adverse to the plaintiff. It can only be inferred that such claim is made from the alleged fact of the execution of this deed. At the opening of the trial the plaintiff expressly admits that no such deed was ever executed. If so, there was no cloud upon his title to be removed, and no evidence of any adverse claim on the part of the defendants.

Treating the complaint as one to set aside a deed as fraudulent, there was no deed to set aside. His complaint and this admission left the plaintiff the owner of the property, with no cause of complaint against the defendants. In other words, the plaintiff admitted his whole case away.

This being the condition of the case, there was abso-

lutely nothing left for the court to try. Strictly speaking, it may have been error to admit any evidence, but as we have said, if it was error it was harmless, and could not entitle the plaintiff to a reversal of the judgment.

The judgment and order appealed from are affirmed.

McFARLAND, J., PATERSON, J., SHARPSTEIN, J., SEARLS, C. J., and THORNTON, J., concurred.