## HUTCHINSON v. McNALLY et al.*

### No. 12,579; January 1, 1890.

#### 23 Pac. 132.

Ejectment—Pleading.—Where the Complaint in Ejectment simply sets forth a deraignment of title, and then alleges that "while plaintiff was the owner, and entitled to the possession, as hereinbefore mentioned and set forth, the defendant entered," the allegation as to ownership will be disregarded, as stating a mere conclusion.

Ejectment—Homestead.—Where the Complaint Alleges That the Land in controversy was set off as a homestead to the widow of a deceased owner, it must state whether the land was set off in fee or for life, since an assignment of a homestead to a widow in fee out of her deceased husband's estate, though erroneous, is conclusive unless appealed from.

APPEAL from Superior Court, Alameda County.

T. M. Osment for appellant; Charles F. Hanlon for respondents.

HAYNE, C.—Ejectment. Judgment for defendants upon demurrer to the complaint. Plaintiff appeals. The complaint sets forth a deraignment of title, and then alleges that "while the plaintiff was the owner, and entitled to the possession, as hereinbefore mentioned and set forth," the defendant entered, etc. From the manner in which this statement as to ownership is put, it is evidently a mere conclusion, referring to, and limited by, the deraignment, and is therefore to be disregarded: Turner v. White, 73 Cal. 300, 14 Pac. 794; People v. Reed, 81 Cal. 70, 15 Am. St. Rep. 22, 22 Pac. 475.

------

*For subsequent opinion in bank, see 85 Cal. 619, 24 Pac. 1071.

14

Then, does the deraignment show a right of recovery in the plaintiff? The facts alleged are in substance as follows: In May, 1878, one Esther C. C. Hutchinson, who was the wife of Charles C. Hutchinson, declared a homestead upon the property in controversy, which was the separate property of the husband. In the following June the husband died, leaving a will, which was admitted to probate, and by which the property was devised to the plaintiff. In April, 1880, the proper court made an order "setting off said homestead to Esther C. C. Hutchinson, surviving widow of the decedent." In 1881 the widow died. The case is very like Gruwell v. Seybolt, 82 Cal. 7, 22 Pac. 938 (No. 12,072, filed December 9, 1889). There it was held that while it was erroneous to set off a homestead selected out of the separate property of the decedent to the widow "absolutely, as her sole and separate property," yet that the error was to be corrected by appeals, and that if the order was not appealed from it was conclusive. Under this decision it is very material to know what was the purport of the order setting off the homestead. Did it purport to set it off to the widow in fee, or only for life, or for a less period? The complaint is silent in this respect. It simply says that the homestead was set off to the widow. This ambiguity was pointed out by special demurrer. The specification of the demurrer was that "it does not appear therefrom whether or not the order setting aside the property to E. C. C. Hutchinson set apart the property to her in fee or for life." This demurrer was sustained, and we think properly so; and, the plaintiff having elected to stand upon his complaint, we advise that the judgment be sustained.

We concur: Belcher, C. C.; Foote, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.