[No. 13570.   In Bank. — October 1, 1890.]

# PHEBE F. JOHNSON, RESPONDENT, v. D. M. VANCE, APPELLANT.

EJECTMENT — PLEADING — AVERMENT OF OWNERSHIP — ULTIMATE FACT. —
An averment in a complaint in an action of ejectment, that the plaintiff
is "the owner in fee-simple" of the demanded premises, is a sufficient
averment as to the plaintiff's title; and the complaint is not demurrable
on the ground that the averment is of a conclusion of law, and not of an
ultimate fact.

ID. — FINDINGS — ISSUE RENDERED IMMATERIAL — OUSTER OF PREMISES NOT
RECOVERED. — Where a complaint in ejectment alleges that the defend-
ant entered upon and ejected the plaintiff from the whole of a certain
section of land, and the answer denies that the defendant ejected the
plaintiff from the west half of the section, and alleges that the defendant
is in possession of only the east half, the issue raised by the answer as to
whether the defendant was in possession of the west half of the section
is rendered immaterial, where judgment is given against the defendant
only for the east half thereof, and the judgment will not be reversed for
a failure to find upon that issue.

ID. — REVIEW UPON APPEAL — FAILURE TO FIND. — A judgment will never
be reversed for failure to find upon an immaterial issue.

ID. — MISTAKE IN FINDINGS — CLERICAL ERROR. — A finding that the de-
fendant "withheld from plaintiff the east half of section 13 described in
said complaint" is a sufficient finding that he withheld from plaintiff
the east half of section 31, where it appears that section 31 was the only
section described or referred to in the pleadings, and that 13 is evi-
dently a mistake, and should be read as 31.

ID. — FINDING AS TO POSSESSION — ADMISSION OF PLEADINGS. — Where the
plaintiff in ejectment alleged possession of the land by the defendant, and
the answer admitted possession, a finding as to the defendant's posses-
sion is unnecessary, the rule being that findings are never required as to
facts admitted by the pleadings.

ID. — "WRONGFUL" WITHHOLDING — OUSTER — PLEADING — FINDINGS. —
Although the *gravamen* of the action of ejectment is the wrongful with-
holding of the possession, and the wrongful withholding is an ouster, it
is not necessary that the words "wrongful" or "wrongfully" be used
either in the complaint or findings, and a finding that the defendant
ousted the plaintiff is sufficient, although the court did not find that
the defendant wrongfully withheld the property.

APPEAL from a judgment of the Superior Court of San
Joaquin County.

The facts are stated in the opinion.

*Amos H. Carpenter*, for Appellant.

*Baldwin & Campbell*, for Respondent.

BELCHER, C. C. — This is an action of ejectment. It is alleged in the complaint that on the —— day of June, 1887, plaintiff "was the owner in fee-simple, and entitled to the possession," of the land described as section 31, township 3 north, range 9 east, Mount Diablo base and meridian, and that afterwards, in the same month, the defendant entered on the land, and ousted and ejected the plaintiff therefrom. A general demurrer to the complaint was interposed and overruled. The defendant, Vance, then answered. The answer denied that defendant ever was in possession, or claimed to be in possession, or ever ousted or ejected the plaintiff from the possession, of the west half of the section described, except the southeast quarter of the southwest quarter thereof, which it alleged the defendant owned, and was entitled to the possession of. It then alleged that in the month of April, 1880, defendant came into possession of the east half of the section, and that he "is now, and ever since has been, continuously, in possession of said land, to the exclusion of every other person, and especially the plaintiff." It further alleged that the plaintiff's cause of action was barred by the statute of limitations. The court found that the plaintiff was the owner of the land described in the complaint, except the southeast quarter of the southwest quarter thereof, and "that defendant has, during the time mentioned in said complaint, withheld from plaintiff the east half of section 13, described in said complaint." It further found that the action was not barred. Judgment was entered that the plaintiff recover from the defendant the east half of section 31; and from this judgment the defendant has appealed on the judgment roll.

1. It is claimed that the demurrer should have been sustained, because the only averment in the complaint

as to the plaintiff's title to the demanded premises was that she was "the owner in fee-simple," etc. It is urged that this was an averment of a conclusion of law, and not of an ultimate fact; and hence that it was insufficient. This position cannot be maintained. In *Payne* v. *Treadwell*, 16 Cal. 243, the same objection to the complaint was made and overruled, and the law there declared as to the sufficiency of an averment, like that here called in question, has been approved and followed in numerous subsequent cases. (*Garwood* v. *Hastings*, 38 Cal. 217; *Turner* v. *White*, 73 Cal. 299; *Heeser* v. *Miller*, 77 Cal. 192; *Souter* v. *Maguire*, 78 Cal. 543.)

2. It is contended that a material issue was raised by the answer as to whether or not the defendant was in possession of the west half of the section, and that the court wholly failed to find upon this issue; and hence that the judgment should be reversed. The obvious answer to this point is, that while the court found that the plaintiff was the owner of all of the section except forty acres, it gave judgment against the defendant only for the restitution of the east half thereof. When, therefore, the judgment was entered, the issue as to the possession of the west half of the section became wholly immaterial, so far as the defendant was concerned. And the rule is well settled that a judgment will never be reversed for a failure to find upon an immaterial issue.

3. It is further contended that the court failed to find that defendant was ever in possession of, or ousted and ejected the plaintiff from, the east half of section 31. But the answer affirmatively alleged that the defendant, since April, 1880, had been continuously, and then was, in possession of the east half of that section, "to the exclusion of every other person, and especially the plaintiff." And as shown by the record here, the court did find that defendant "withheld from plaintiff the east half of section 13, described in said complaint." The word "thirteen" is evidently a mistake, and should be read

as "thirty-one," that being the only section described or referred to in the pleadings. Under these circumstances, it was not necessary that there be any finding as to defendant's possession, the rule being that findings are never required as to facts admitted by the pleadings.

It is urged, however, that the finding as to the ouster was insufficient, because the court did not find that the defendant wrongfully withheld the property. It is true, as said in *Marshall* v. *Shafter*, 32 Cal. 194, that "the *gravamen* of the action [ejectment] is the wrongful withholding of the possession, . . . . and the wrongful withholding is an ouster." But though this be so, still it is not necessary that the words "wrongful" or "wrongfully" be used, either in the complaint or the findings. In *Payne* v. *Treadwell*, 16 Cal. 243, the court, speaking by Field, C. J., on this subject, said: "The possession of the defendant is, of course, a pleadable and issuable fact, and the only question of difficulty arises from the supposed necessity of negativing its possible rightful character. . . . . If the defendant's holding rests upon any existing right, he should be compelled to show it affirmatively in defense. The right of possession accompanies the ownership, and from the allegation of the fact of ownership, which is the allegation of seisin in 'ordinary language,' the right of present possession is presumed as a matter of law. We do not think, therefore, any allegation beyond that of possession by the defendant is necessary, except that he withholds the possession from the plaintiff. The allegation that the possession is 'wrongful or unlawful' is not the statement of a fact, but of a conclusion of law. The words are mere surplusage, and though they do not vitiate, they do no good. The withholding of the possession from one who is seised of the premises is presumptively adverse to his right, and wrongful. It is by force of this presumption that the plaintiff can rest, in the first instance, his case at the trial upon proof of his seisin, and of the possession by

the defendant. From these facts,. when established, the law implies a right to the present possession in the plaintiff, and a holding adverse to that right in the defendant." We are not aware that the law, as thus declared, has ever been questioned in this state, and it follows, therefore, that the appellant's contention cannot be sustained.

The foregoing being in substance all the points made for a reversal, we advise that the judgment be affirmed.

VANCLIEF, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Rehearing denied.