[No. 13839. In Bank.—February 18, 1891.]

JESSE COLE, APPELLANT, v. W. J. SEGRAVES, RESPONDENT.

EJECTMENT — PLEADING — TAX TITLE — GENERAL ALLEGATIONS — DEMURRER. — A complaint in ejectment consisting of two counts, the first of which attempts to set up a tax title to the premises, and the second of which contains the usual general allegations, is not liable to a general demurrer.

ID. — SURPLUSAGE — VALIDITY OF TAX TITLE. — The first part of the complaint may be treated as surplusage, the second part being sufficient to show a cause of action, and the validity of the tax title need not be determined upon the general demurrer.

ID. — OUSTER — CLERICAL ERROR IN DATE — CONSTRUCTION OF PLEADING. — An allegation of ouster subsequent to the filing of the complaint will not justify an order sustaining a general demurrer, where it is evident on the face of the complaint that there is a clerical error of one year in the date of the ouster, and the complaint alleges that the defendant "now withholds wrongfully the possession." Controlling force should be given to the latter allegation upon a general demurrer.

ID. — LOCATION OF PROPERTY — JURISDICTION — COUNTY SEAT. — A complaint in ejectment is not objectionable on the ground of want of jurisdiction by reason of not alleging that the demanded premises are in the county, if it shows that they are situated in a town which is the county seat.

ID. — JUDICIAL NOTICE. — The courts take judicial notice of what towns are established by law as the county seats of the respective counties of the state.

APPEAL from a judgment of the Superior Court of Lassen County.

The facts are stated in the opinion of the court.

*Shinn & Masten,* for Appellant.

*Spencer & Raker,* and *Clarence A. Raker,* for Respondent.

The COURT. — Ejectment. Defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. His demurrer having been sustained, and plaintiff declining to amend, final judgment was entered dismissing the action, and for costs. Plaintiff appeals.

The complaint consists of two parts, in the first of which there is an attempt to set up a valid title in plaintiff to the demanded premises, founded on a sale for delinquent taxes. The second part of the complaint contains the general allegations usual in actions of this character.

Various objections are made to the validity of the tax title first set out; but we find it unnecessary to pass upon the sufficiency of the facts alleged to constitute a good title.

The second part of the complaint is sufficient in itself

to show a cause of action, and the first part may be treated as surplusage.

It is alleged that on the twentieth day of December, 1888, plaintiff was the owner and in the possession of the demanded premises, and "that on the twenty-fourth day of December, 1889, plaintiff being so seised and possessed, the defendant wrongfully entered and ousted plaintiff from the possession thereof, *and now withholds* wrongfully the possession," etc.

The complaint was filed December 4, 1889, and, as will be observed, the allegation is of an entry and ouster on the twenty-fourth day of December, 1889. This allegation of an ouster subsequent to the filing of the complaint is relied upon as justifying the order sustaining the demurrer. But it is evident on the face of the complaint that there is a clerical error in this allegation, and that it should have read 1888 instead of 1889. The latter date is inconsistent with the other part of the same allegation, that the defendant *"now withholds."*

The most that can be said of this inconsistency is that it rendered the complaint ambiguous or uncertain, and the only way in which advantage could have been taken of it was by special demurrer on that ground. Upon general demurrer, controlling force should have been given, in construing the complaint, to the words *"now withholds,"* which show an ouster prior to the filing of the complaint.

There was no demurrer on the ground of want of jurisdiction, but respondent claims the right to object to the complaint on that ground at any stage of the proceedings, and he calls our attention to the fact that there is no allegation in the complaint that the demanded premises are in Lassen County. But it is alleged that they are in the town of Susanville, and not only the superior court, but this court, takes judicial notice that Susanville is the county seat of Lassen County. (Code Civ. Proc., sec. 1875, subd. 2.)

Judgment reversed, and cause remanded, with direction to the superior court to overrule the demurrer, and allow the defendant a reasonable time to answer.

Rehearing denied.