[L. A. No. 5301. Department One.—February 13, 1920.]

A. C. ROBINSON, Appellant, v. CITY OF GLENDALE et al., Respondents.

[1] REAL PROPERTY—PIPE-LINES IMBEDDED IN SOIL.—Pipe-lines imbedded in the soil for the purpose of supplying ' water to the lands to which they extend and easements granted by the owners of the lands in which the pipes are imbedded are real estate and not personal property both before the water is carried therein and after the use for that purpose has ceased.

[2] QUIETING TITLE—PLEADING—ALLEGATION OF OWNERSHIP.—In an action to quiet title, an allegation of ownership which does not purport to be based on the facts previously stated, but is independent thereof, is not a mere conclusion of law, but an allegation of the ultimate fact, and a complaint containing it sufficiently pleads plaintiff's ownership.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Reversed.

The facts are stated in the opinion of the court.

P. S. McNutt for Appellant.

E. W. Sargent, W. G. Cooke, W. E. Evans and J. F. Keogh for Respondents.

SHAW, J.—The court below sustained a demurrer to the complaint and thereupon rendered judgment in favor of the defendants, from which the plaintiff appeals. The grounds of the demurrer were that the complaint did not state a cause of action and also that it was uncertain in several particulars.

The complaint alleged that in 1908 the plaintiff and several other persons were the owners in fee in severalty of certain parcels of real estate, eight in number, immediately outside of the city of Glendale; that in said year said land owners, for the purpose of supplying their lands with domestic water, laid in the soil of said lands and adjoining land a four-inch water-pipe 1,690 feet long, 422 feet of which was in plaintiff's parcel; that plaintiff at the same time, in his own land, laid 241 feet of two-inch water-pipe connecting therewith; that four hundred feet of the 1,690 feet extended across other land not owned by the parties, but was laid therein by right of an easement for that purpose granted by the owners of said lands; that this pipe was imbedded in and permanently affixed to the soil with the intent to make it an appurtenance to the lands of said parties. Unnecessary details were stated, evidently for the purpose of showing that the pipes described constituted real property. The complaint proceeds to aver that the said parties continued the use of said pipe for the ensuing six years and that, after said period his co-owners conveyed their interest therein to plaintiff. The time when this conveyance was made is not stated and without some allegation of its date it would not appear that the plaintiff was the owner at the time of beginning the action. The complaint then proceeds as follows: "And the plaintiff is now the absolute and unqualified owner in fee of said real property, pipes, right to flow water, easements, appurtenances and rights to sell connections to said pipe, and that plaintiff is successor to all the rights and privileges of his predecessors as mentioned herein, other than himself, in said pipe and rights and appurtenances thereto, and has still retained all his own original right in the said property, and is now the owner in fee of the whole of it." Then follows the usual allegation in a complaint to quiet title that the defendants claim some estate or interest in the property adverse to the plaintiff, which claims are unfounded.

**[1]** The facts we have stated are sufficient to show that the pipe-lines and the easements therefor, described in the complaint, are real estate and not personal property. (Civ. Code, secs. 658, 660, 662; *Southern P. Co.* v. *Spring Valley W. Co.*, 173 Cal. 296, [L. R. A. 1917E, 680, 159 Pac. 865]; *Dietz* v. *Mission etc. Co.*, 95 Cal. 100, [30 Pac. 380]; *Fudickar* v. *East Riverside Dist.*, 109 Cal. 36, [41 Pac. 1024]; *Hoyt* v. *Hart*, 149 Cal. 730, [87 Pac. 569]; *Copeland* v. *Fairview*, 165 Cal. 154, [131 Pac. 119]; *Stanislaus W. Co.* v. *Bachman*, 152 Cal. 726, [15 L. R. A. (N. S.) 359, 93 Pac. 858].) Its character as real property is not affected by the fact that it is not averred that plaintiff owned a right to water in connection therewith, or that the pipes were in use for that purpose when the action was begun. Where pipes are laid in real estate for the purpose of carrying water to the lands to which they extend, the pipes, while imbedded in the soil, constitute real property both before the water is carried therein and after the use for that purpose has ceased.

The allegation of ownership above quoted is not stated as a mere conclusion of law following from the facts previously alleged. The allegations considered in *Turner* v. *White*, 73 Cal. 299, [14 Pac. 794]; *Fredericks* v. *Tracy*, 98 Cal. 658, [33 Pac. 750], and *McCaughey* v. *Schuette*, 117 Cal. 223, [59 Am. St. Rep. 176, 46 Pac. 666, 48 Pac. 1088], cited by respondent, are not identical with those appearing in this case. In *Turner* v. *White*, the allegation of ownership was expressly predicated on the facts stated. The averment was that "by virtue of" said facts plaintiff became the owner. Obviously this was intended to be a conclusion of law. *Fredericks* v. *Tracy* was an action in claim and delivery and the decision merely held that the averments did not show the right to possession of the property at the time the complaint was filed. In *McCaughey* v. *Schuette* the point of the decision is that under well-settled rules of pleading, allegations showing that plaintiff acquired the title to the land at a date prior to the time the action was begun will not supply the place of an averment that he was the owner thereof at that time, although such fact might by the rules of evidence justify the inference that he continued to be the owner, if no subsequent conveyance by him was shown. The rule that a complaint which merely pleads evidence of title

is not sufficient where the plaintiff's cause of action depends upon his having the title at the time of filing the complaint does not apply here. The allegation that the plaintiff is now the absolute owner of the property does not purport to be based on the facts previously stated, but is independent thereof. **[2]** Except when it is so made dependent, or when the evidentiary facts stated are necessarily inconsistent therewith, such a general allegation of ownership is always recognized as an allegation of the ultimate fact, and a complaint containing it sufficiently pleads plaintiff's ownership. (*Payne* v. *Treadwell,* 16 Cal. 243; *Fudickar* v. *East Riverside etc. Co., supra; Heeser* v. *Miller,* 77 Cal. 193, [19 Pac. 375]; *Johnson* v. *Vance,* 86 Cal. 130, [24 Pac. 863]; *Gray* v. *Walker,* 157 Cal. 384, [108 Pac. 278]; *Shurtleff* v. *Kehrer,* 163 Cal. 26, [124 Pac. 724].) The previous allegations in this complaint merely indicated that he had been the owner at some time, not stated, but previous to the beginning of the action.

The particulars wherein the complaint is uncertain, assigned in the demurrer, are merely mentioned by the defendants in their brief and are not discussed therein. They are not of sufficient importance to require notice, even if they had been fully argued. The court erred in sustaining the demurrer to the complaint.

The judgment is reversed.

Lawlor, J., and Olney, J., concurred.