[S. F. No. 17989.  In Bank.  Jan. 17, 1950.]

PENINSULA PROPERTIES COMPANY, LTD. (a Corporation) et al., Appellants, v. COUNTY OF SANTA CRUZ et al., Defendants; THE PEOPLE, Respondent.

Carlyle Miller for Appellants.

Fred N. Howser, Attorney General, and E. G. Benard, Deputy Attorney General, for Respondent.

GIBSON, C. J.—In an action brought by appellants under the Revenue and Taxation Code (§§ 3618-3638) to contest the validity of certain tax deeds, respondent State of California cross-complained seeking to recover the rents, issues and profits taken and retained by appellants after respondent allegedly became the owner of the property. Appellants moved to discharge a writ of attachment issued on the cross-complaint, and they have appealed from an order denying that motion. In support of their contention that the attachment should have been dissolved, appellants claim that the cross-complaint does not state a cause of action, that an attachment does not lie in this type of case, that the affidavit is defective, and that the writ of attachment was improperly issued.

Respondent's cross-action was brought pursuant to sections 3651 and 3652 of the Revenue and Taxation Code, which confer upon the State of California the exclusive power to rent tax-deeded property and to receive all proceeds arising in any manner therefrom and which authorize the exaction of an accounting of such proceeds from the former owner of the property.

It is alleged in the cross-complaint that the properties in question were conveyed to the State of California for the nonpayment of delinquent tax assessments, that the deeds were recorded on specific dates in the office of the County Recorder of Santa Cruz County, and that at all times subsequent to the recording the state was and now is the owner of the described property. It is further alleged on information and belief that the value of the rents, issues and profits taken by cross-defendants (appellants) is the sum of $40,000.

Judgment is prayed for the sum of $40,000, for "an accounting of all rents, issues and profits" received by appellants, and for costs.

Appellants' contention that the cross-complaint does not state a cause of action was first raised on demurrer which was overruled, and it was repeated in the motion to dissolve the attachment which was denied. ■ A motion to discharge an attachment on the ground that the complaint does not state a cause of action should be granted only if the complaint shows on its face that the pleader has no cause of action and the defect cannot be cured by amendment. (*Force* v. *Hart*, 205 Cal. 670, 672 [272 P. 583].) ■ The cross-complaint is said by appellants to be defective because it does not specifically set forth the steps taken in the perfection of the tax title. The claimed defect is one of omission, and there is nothing on the face of the cross-complaint which shows that the asserted fault could not be cured by amendment.

Furthermore, it does not appear that respondent has failed to allege any essential element necessary to the statement of a cause of action. ■ The allegation that respondent is the owner of the described property pleads an ultimate fact, good against a general demurrer (*Robinson* v. *City of Glendale*, 182 Cal. 211 [187 P. 741]), and this is true although the title is derived from a tax sale. (*Smart* v. *Peek*, 213 Cal. 452 [2 P.2d 380]; *Tilton* v. *Russek*, 171 Cal. 731 [154 P. 860]; *Cole* v. *Segraves*, 88 Cal. 103 [25 P. 1109].)

Appellant relies on the early case of *Russell* v. *Mann*, 22 Cal. 131. The defendant there, basing his claim of ownership on a tax title, alleged in detail the steps leading up to the sale of a quartz mill, but failed to allege by whom and the year in which the tax was imposed. A judgment of dismissal following the sustaining of a general demurrer was affirmed on appeal, the court stating that whenever a tax title is "specially" set forth in a pleading it is necessary that every fact should be averred which is requisite to show compliance with all of the statutory provisions. The pleading is not quoted in the opinion, but it appears from an examination of the record that the pleader alleged the steps taken in obtaining the tax deed and concluded that "by virtue of" such steps he became owner of the property in question. The case is, therefore, authority for the proposition that where an allegation of ownership is expressly predicated upon a detailed statement of preliminary steps taken in obtaining title, such

allegation must find full support in the specific facts pleaded. This rule is based on the reasoning that where the pleader specifies the different acts taken to acquire title, and alleges that by virtue of those acts he became the owner of the property, the allegation of ownership is a mere ·conclusion of law and may be disregarded. (*Robinson* v. *City of Glendale,* 182 Cal. 211 [187 P. 741]; *Cheda* v. *Bodkin,* 173 Cal. 7, 12-13 [158 P. 1025]; *Kidwell* v. *Ketler,* 146 Cal. 12, 17-18 [79 P. 514]; *Turner* v. *White,* 73 Cal. 299 [14 P. 794].)

It has been suggested that this rule is too strict and that it ''would hardly receive the considered approval'' today that was given it when it was announced in *Russell* v. *Mann, supra,* in 1863. (*Penaat* v. *Guasco,* 84 Cal.App.2d 445, 450-451 [191 P.2d 564].) Whether the rule should be relaxed, however, need not be determined in the present case. Although the cross-complaint shows that respondent relies on a tax title, no attempt is made to detail the preliminary steps leading to the tax deed, and the general allegation of ownership is not made dependent upon specific averments of such steps. █ It is settled that where an allegation of ownership is independently pleaded, and is not expressly predicated on specific averments, it will be treated as an allegation of an ultimate fact, and any statement of steps taken in acquiring title will be considered surplusage unless a weakness is thereby affirmatively revealed. (*Martin* v. *Hall,* 219 Cal. 334, 338 [26 P.2d 288]; *Smart* v. *Peek,* 213 Cal. 452 [2 P.2d 380]; *Cole* v. *Segraves,* 88 Cal. 103 [25 P. 1109].)

█ Since the allegation of ownership in the present case is not made dependent upon a recital of steps taken in the perfection of the tax title, and no facts are pleaded which are inconsistent with ownership, the cross-complaint states a cause of action.

█ An attachment is permitted in this type of action by paragraph five of section 537 of the Code of Civil Procedure, which provides that the writ may issue ''in any action by the State of California or any political subdivision thereof, for the collection of taxes due said State or political subdivision, or for the collection of any moneys due upon any obligation or penalty imposed by law.'' Respondent's cross-action is based upon an obligation imposed by law. (Rev. & Tax. Code, § 3651 et seq.; see *People* v. *Maxfield,* 30 Cal.2d 485, 488 [183 P.2d 897], holding that the right of the state to rents, issues and profits from tax-deeded property is not a penalty.)

■ The fact that respondent demanded an accounting of the rents, issues and profits, in addition to the $40,000 allegedly due, does not preclude the right to an attachment. It is unnecessary in order to support an attachment that the complaint show the entire amount due, and it is immaterial that the prayer is for an accounting. (*Kohler* v. *Agassiz,* 99 Cal. 9, 16 [33 P. 741] ; *De Leonis* v. *Etchepare,* 120 Cal. 407, 411 [52 P. 718].) ■ The further contention that attachment is improper because the $40,000 claim is alleged on information and belief is equally without merit. The language of section 537 does not suggest that the amount owing must be fixed with absolute certainty, and it has been held that an attachment is proper although the exact amount due is unknown to the attaching party. (*Force* v. *Hart,* 205 Cal. 670 [272 P. 583] ; *Beeson* v. *Schloss,* 183 Cal. 618 [192 P. 292].)

The attachment affidavit was amended twice, respondent ultimately changing the alleged claim from one based on a contract to an obligation imposed by law. Appellants contend that the last amended affidavit merely supplemented the earlier ones and that inconsistent facts are alleged necessitating the rejection of all affidavits. ■ An attachment affidavit may be amended to the same extent as a complaint, and a new ground for attachment may be substituted by way of amendment so long as it is based upon the same transaction. (*Rosenberg* v. *Bullard,* 127 Cal.App. 315 [15 P.2d 870].) ■ In the present case the several affidavits relate to the same transaction, the last affidavit superseded the previous ones and, being based upon the proper theory, is sufficient to support the writ.

■ Appellants complain because the writ was issued on a demand for $40,000 plus costs, whereas the affidavit did not mention costs. However, costs are allowed ''of course'' in this type of proceeding by section 1032 of the Code of Civil Procedure, and the cross-complaint prayed for costs of suit. ■ Furthermore, section 540 provides that if security is given in lieu of the sheriff's seizure of the property it must be in ''an amount sufficient to satisfy such demand against such defendant, besides costs. . . .'' Appellants were in nowise prejudiced by the failure to mention costs in the affidavit. The cases of *Baldwin* v. *Napa etc. Wine Co.,* 137 Cal. 646 [70 P. 732], *De Leonis* v. *Etchepare,* 120 Cal. 407 [52 P. 718], *Murillo* v. *Toole,* 47 Cal.App.2d 725 [118 P.2d 895], and *Finch* v. *McVean,* 6 Cal.App. 272 [91 P. 1019], relied upon by appel-

632

lants, are distinguishable because they involved a variance between the complaint and the affidavit as to the principal sum or interest due.

The order denying the motion to quash the writ of attachment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.

Appellants' petition for a rehearing was denied February 8, 1950.