Filed 2/21/24  Bernal v. Evolv Integrated Technologies Group CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SAMUEL L. BERNAL,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>EVOLV INTEGRATED<br>TECHNOLOGIES GROUP INC., et al.,<br><br>    Defendants and Respondents. | G061879<br><br>(Super. Ct. No. 30-2018-00992808)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Melissa R. McCormick, Judge.  Reversed and remanded.  Appellant Samuel L. Bernal's request for judicial notice granted.  Respondents KLBED, Inc., All-In Energy Group LLC and Kenneth Bruce Shaevel's request for judicial notice denied.

Amezcua-Moll & Associates and Rosemary Amezcua-Moll for Plaintiff and Appellant Samuel L. Bernal.

Kull + Hall, Robert F. Kull and Kevin P. Hall for Defendants and Respondents KBLED, Inc., All-In Energy Group LLC and Kenneth Bruce Shaevel.

No appearance for Defendants and Respondents Evolv Technologies Group, Inc. and Inesa International Corp.

\*          \*          \*

After being terminated from his employment with Evolv Integrated Technologies Group, Inc. (Evolv), appellant Samuel L. Bernal filed suit against Evolv, KBLED, Inc. (KBLED), All-In Energy Group LLC (All-In), Inesa International Corp. (Inesa), Feilo International Trade Co. Ltd. (Feilo), and Kenneth Bruce Shaevel, alleging he was jointly employed by all.  The trial court sustained, without leave to amend, demurrers by KBLED and Shaevel to most of the claims on the ground the joint employer allegations were insufficient.  The court also sustained, without leave to amend, KBLED and Shaevel's demurrers to Bernal's first cause of action for wrongful termination in violation of Labor Code section 1102.5, subdivision (b) (section 1102.5(b)) on the additional ground the claim failed to specify any statute, rule or regulation violated by the conduct Bernal allegedly reported.  Bernal timely appeals those rulings.

It has long been the rule that "the allegations of the complaint must be liberally construed with a view to attaining substantial justice among the parties.  [Citation.]  Even as against a special demurrer a plaintiff is required only to set forth the essential facts of his case with reasonable precision and with particularity sufficient to acquaint a defendant with the nature, source and extent of his cause of action." (*Youngman v. Nevada Irrigation Dist.* (1969) 70 Cal.2d 240, 244–245.)  We find the joint employer allegations are sufficient to acquaint the entities with the nature, source, and extent of the claims.  Accordingly, we reverse the trial court's order sustaining without leave to amend the demurrers by KBLED and Shaevel to the first, second, third, fifth, sixth, and seventh causes of action.  As to the first cause of action against KBLED and

2

Shaevel for wrongful termination in violation of section 1102.5(b), we also find the court abused its discretion in sustaining the demurrer to that claim without leave to amend, because Bernal could amend to cure the defect. We reverse the court's ruling and remand to allow Bernal leave to amend this claim.

In addition to appealing the trial court's ruling on the demurrers, Bernal appeals portions of the default judgment entered against Evolv and Inesa. Following a prove-up hearing, the court dismissed the breach of contract and wrongful termination claims against Inesa "for reasons similar to those the court addressed in prior orders with respect to other defendants", i.e., the supposedly insufficient joint employer allegations and insufficient pleading of the wrongful termination claim. Although the court entered judgment for Bernal against Evolv on the breach of contract and waiting time penalty claims, it dismissed Bernal's wrongful termination claim against Evolv, finding the claim "does not allege sufficient facts showing section 1102.5(b) applies." Because we find the joint employer allegations were sufficient, we reverse the court's dismissal of the breach of contract claim against Inesa. Because we find Bernal should have been given leave to amend his wrongful termination claim, we reverse the court's dismissal of the wrongful termination claims against both Inesa and Evolv and remand for further default proceedings following Bernal's amendment of the claim.

## PROCEDURAL HISTORY AND ALLEGATIONS

Bernal filed his initial complaint in May 2018, alleging seven employment-related causes of action: (1) wrongful termination in violation of public policy, (2) breach of contract; (3) retaliation; (4) failure to pay minimum wages; (5) failure to pay overtime wages; (6) waiting time penalties; and (7) violations of Business and Professions Code section 17200. Inesa responded with a demurrer, and in December 2018, before the demurrer was heard, Bernal filed a first amended complaint alleging the same causes of action. Two of the defendants, Inesa and Evolv, answered the First Amended Complaint, and three other defendants, All-In, KBLED, and Shaevel, demurred to all causes of action

3

on various grounds, including: (1) the wrongful termination claim failed to identify a statute or other provision of law allegedly violated by the termination; and (2) the joint employer and alter ego allegations were insufficient to state a claim against the demurring defendants.

The trial court sustained the demurrers by All-In, KBLED, and Shaevel to the first amended complaint with leave to amend. Its order read, in pertinent part: "Plaintiff alleges that Defendant [Evolv] employed him, yet Plaintiff alleges numerous employment claims against KBLED, All-In and Shaevel. To the extent Plaintiff seeks to rely on his alter ego and/or joint employer allegations as support for any of his claims against KBLED, All-In, or Shaevel, those allegations are conclusory and do not allege sufficient facts to state alter ego or joint employer liability. With respect to the first cause of action, the [first amended complaint] does not identify any alleged public policy that could be the basis of a wrongful termination claim . . . . [¶] . . . In any amended complaint, Plaintiff should specifically allege the defendant(s) Plaintiff contends is liable for each cause of action and allege facts demonstrating why each specific defendant(s) is purportedly liable for each claim. Plaintiff should avoid allegations that lump all 'Defendants' together."

In February 2020, Bernal filed a second amended complaint alleging the same causes of action, except the title of the first cause of action was changed from wrongful termination in violation of public policy to wrongful termination in violation of Labor Code section 1102.5. In it, Bernal made the following allegations: He worked as a consultant for KBLED in February 2017 on a possible joint venture between KBLED and Feilo. Shaevel was the chief executive officer and owner of KBLED. In July 2017, Bernal accepted an oral contract of employment with Evolv, another company for which Shaevel was chief executive officer. Although the complaint is not specific on the point, read broadly, the allegations suggest Evolv may have been the possible joint venture between KBLED and Feilo. Shortly after Bernal's employment with Evolv began,

4

Shaevel, who acted as if KBLED and Evolv were "one and the same venture," began asking Bernal to perform work for KBLED even though Bernal was employed by Evolv. In December 2017, plaintiff's employment with Evolv was confirmed in a written agreement. Days later, Bernal complained to Shaevel and another Evolv board member that the money Feilo had invested in Evolv was being misused, as Evolv employees were spending most of their time on work unrelated to Evolv. Several weeks later, Bernal reported to a Feilo executive that he suspected Shaevel was using Evolv employees to work on projects unrelated to Evolv's business. The following day, Bernal reported his concerns regarding this misuse of Evolv funds to two other Feilo executives. Six days later, Shaevel suspended Bernal, and five days after that, Shaevel terminated Bernal's employment .

All-In, KBLED, and Shaevel demurred to all causes of action in the second amended complaint on the same grounds argued in their prior demurrer, including: (1) the wrongful termination claim failed to identify a statute or other provision of law whose violation Bernal allegedly reported; and (2) the joint employer and alter ego allegations were insufficient to state a claim.

The trial court sustained All-In's demurrers to all claims without leave to amend on the grounds: (1) the second amended complaint did not allege sufficient facts to state any claim directly against All-In; and (2) the joint employer and alter ego allegations were insufficient to support any claim against All-In. The ruling as to All-In is not challenged on this appeal.

The trial court also sustained without leave to amend the demurrers by KBLED and Shaevel to the first, second, third, fifth, sixth, and seventh causes of action on the grounds the alter ego and joint employer allegations "do not allege sufficient facts to state . . . claims against Shaevel and KBLED . . . ." Those rulings are the subject of this appeal. The court sustained KBLED and Shaevel's demurrers to the fourth cause of action with leave to amend.

5

Bernal filed his third amended complaint in October 2020.  It named KBLED and Shaevel as defendants on the fourth cause of action for failure to pay minimum wages and on a newly added eighth cause of action for quantum meruit.  KBLED and Shaevel again demurred.  Their demurrers were overruled, and KBLED and Shaevel answered the third amended complaint in July 2021.

In August 2021, a month after the answers were filed, Bernal moved for leave to file a fourth amended complaint to "reinstate" the claims against All-In, KBLED, and Shaevel on which the demurrer to the second amended complaint had been sustained without leave to amend.  At the time Bernal filed this motion, it was set for hearing four days before the scheduled trial date.  Two weeks later, Bernal filed an ex parte application seeking either to have the motion for leave to amend heard earlier or to continue the trial date.  The ex parte application was denied.  Subsequently, for reasons unrelated to the motion or the ex parte application, the trial was continued to December 6, 2021.  On November 4, 2021, the trial court denied Bernal's motion for leave to file a fourth amended complaint.

In December 2021, Bernal filed a notice of partial settlement as to KBLED and Shaevel, requesting they be dismissed on the fourth and eighth causes of action—the only claims remaining against them.  At about the same time, Inesa's and Evolv's answers to the first amended complaint were stricken, and default was entered as to both.[1]

In August 2022, the trial court held a default prove-up hearing as to Inesa and Evolv.  Following the hearing, the court refused to enter default judgment against Inesa because "Bernal's third amended complaint does not state claims against Inesa for reasons similar to those" addressed in the demurrer orders.  The court awarded judgment against Evolv in the amount of $140,725.81 on the second cause of action (for breach of contract) and $12,500 on the sixth cause of action (for waiting time penalties) but refused

_____

[1] The trial court had granted the motion by counsel for Inesa and Evolv to be relieved and neither corporate party ever obtained new counsel.

6

to enter default judgment against Evolv on the first cause of action for wrongful termination on the ground it failed to "allege sufficient facts showing section 1102.5(b) applies."

Bernal appeals the following three rulings: (1) the trial court's order sustaining the demurrers by KBLED and Shaevel to the first, second, third, fifth, sixth, and seventh causes of action of the second amended complaint without leave to amend; (2) the order denying Bernal's motion for leave to file a fourth amended complaint; and (3) the order denying Bernal's ex parte application to advance the hearing on his motion for leave to file an amended complaint or, in the alternative, to continue the trial. Bernal also appeals the default judgment as to the dismissal of Evolv on the first cause of action and the dismissal of Inesa on the first and second causes of action.

## DISCUSSION

### A. Demurrer

#### 1. Standard of Review

"On appeal from a judgment after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment on whether the complaint states a cause of action as a matter of law. [Citation.] We give the complaint a reasonable interpretation, reading it as a whole and viewing its parts in context. [Citation.] We deem all properly pleaded material facts as true. [Citation.] We must also accept as true those facts that may be implied or inferred from those expressly alleged." (*McMahon v. Craig* (2009) 176 Cal.App.4th 1502, 1508–1509.) When a demurrer is sustained without leave to amend, this court reviews for an abuse of discretion and must "decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

7

2. Joint Employer Allegations

The trial court sustained the demurrers to the second cause of action for breach of contract without leave to amend on the grounds that neither KBLED nor Shaevel were parties to the contract and the joint employer and alter ego allegations were insufficient to state a claim against either of them for breach of contract. The court also sustained KBLED and Shaevel's demurrers to the first, second, third, fifth, sixth, and seventh causes of action asserted in the second amended complaint, without leave to amend, on the ground the joint employer and alter ego allegations were insufficient to state a claim against either KBLED or Shaevel.

The complaint in a civil action serves the purposes of framing the issues and notifying the defendant of the basis on which recovery is sought. (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 211–212.) "In fulfilling this function, the complaint should set forth the ultimate facts constituting the cause of action, not the evidence by which plaintiff proposes to prove those facts." (*Id.* at p. 212.) A complaint is sufficient "if it alleges ultimate rather than evidentiary facts." (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 550.) Although evidentiary facts are sufficient to state a claim, California appellate courts routinely hold that alleged conclusions of law are not. (E.g., *Shaw v. City of Los Angeles Unified School Dist.* (2023) 95 Cal.App.5th 740, 753.) The distinction between conclusions of law and ultimate facts is not, however, always entirely clear. "'"[C]ourts have permitted allegations which obviously included conclusions of law and have termed them 'ultimate facts' or 'conclusions of fact.'" [Citations.] *What is important is that the complaint as a whole contain sufficient facts to apprise the defendant of the basis upon which the plaintiff is seeking relief.* [Citations.]'" (*Doheny Park Terrace Homeowners Assn., Inc. v. Truck Ins. Exchange* (2005) 132 Cal.App.4th 1076, 1099.) As a general matter, "'[t]here is no need to require specificity in the pleadings because "modern discovery

8

procedures necessarily affect the amount of detail that should be required in a pleading." [Citation.]'" (*Ibid.*)

Bare allegations of agency have been held to be allegations of ultimate fact rather than conclusions of law. (*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 886, and cases cited therein.) Similarly, the California Supreme Court has found bare allegations of ownership and negligence to be allegations of ultimate fact. (*Peninsula etc. Co. v. County of Santa Cruz* (1950) 34 Cal.2d 626, 629; *Rannard v. Lockheed Aircraft Corp.* (1945) 26 Cal.2d 149, 154.) Like those allegations, an allegation that certain parties were joint employers is an allegation of ultimate fact. This is particularly true because ""[t]here is no magic formula for determining whether an organization is a joint employer. Rather, the court must analyze 'myriad facts surrounding the employment relationship in question.' [Citation.] No one factor is decisive. [Citation.]"" (*St. Myers v. Dignity Health* (2019) 44 Cal.App.5th 301, 311.) Evidentiary facts, which need not be pleaded, determine the issue of joint employment. The most important factor in the equation, however, is the right to control the means and manner of the work. (*Id.* at p. 312.)

The second amended complaint alleges Shaevel and KBLED, "exercised control and supervision over Plaintiff's employment activities." We conclude that is sufficient to allege liability against Shaevel and KBLED on a joint employment theory.

Because the allegations of joint employment are sufficient to support the first, second, third, fifth, sixth, and seventh causes of action against Shaevel and KBLED, it was error to sustain the demurrers on that ground and it is not necessary for us to reach the issue of the alter ego allegations.[2] "A demurrer must dispose of an entire cause of

---

[2] KBLED and Shaevel ask this court to take judicial notice of a discovery response in a separate matter, allegedly concerning the alter ego issue. Because we do not address the alter ego issue and because the document is not relevant to the claims made in this matter, the request is denied. KBLED and Shaevel also ask us to take judicial notice of four other court documents from separate actions. Although court records are subject to

9

action to be sustained." (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 119.) Because either legal theory—joint employer or alter ego—would support these claims and we have found the joint employer allegations sufficient, the court's order sustaining KBLED and Shaevel's demurrers to the second, third, fifth, sixth, and seventh causes of action is reversed.

          3. Section 1102.5(b) Claim

          As noted above, the trial court erred in sustaining KBLED and Shaevel's demurrers to the first cause of action, for wrongful termination in violation of section 1102.5(b), on the ground the joint employer and alter ego allegations were insufficient to state a claim against KBLED or Shaevel. Although the court's order on the demurrers to the second amended complaint did not specifically address whether the first cause of action sufficiently identified the public policy allegedly violated by the termination, the court's order on the earlier demurrer did, and the parties address the issue on appeal. Because our review is de novo, we review the second amended complaint to determine if the allegations are otherwise sufficient to state a claim for wrongful termination in violation of section 1102.5(b).

          The first cause of action asserts Bernal's termination violated section 1102.5(b), which reads, in pertinent part: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal

judicial notice (Evid. Code, §§ 452, subd. (d), 459), the documents offered by respondents are not relevant to the dispositive issues on appeal and the request is denied. (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 544, fn. 4.)

10

rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." (*Ibid.*) To come within the provisions of section 1102.5(b), "the activity disclosed by an employee must violate a federal or state law, rule or regulation." (*Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 821–822.)

Bernal's second amended complaint does not specifically identify a "federal or state law, rule or regulation" (*Mueller v. County of Los Angeles, supra,* 176 Cal.App.4th at pp. 821–822) he reported as having been violated. We therefore look to the pleading as a whole to determine if it alleges facts that would constitute a violation of a federal or state law, rule, or regulation. Bernal alleges he reported possible misuse of Evolv's funds to Shaevel, another Evolv board member, and three Feilo executives. In his appellate brief, Bernal now labels this alleged misuse of funds "embezzlement." Embezzlement, which is a crime under Penal Code section 504, is sufficient to support a claim of wrongful termination in violation of section 1102.5(b). (*Collier v. Superior Court* (1991) 228 Cal.App.3d 1117, 1127 [there is "fundamental public interest in a workplace free from crime" and retaliation for reports of suspicions of illegal conduct "seriously impairs the public interest"].)

Citing *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654 (*Foley*), Shaevel and KBLED argue a complaint of embezzlement cannot support a Labor Code section 1102.5 claim. *Foley* does not stand for that proposition. First, *Foley* involved a common law claim, not a claim under section Labor Code section 1102.5.[3] Second, *Foley* involved an employee's report that his newly hired supervisor was being

---

[3] At the time *Foley* was decided, Labor Code section 1102.5 did not address internal employee complaints, but was limited to the protection of employees who disclosed information to a government or law enforcement agency. Effective 2014, the statute was amended to protect not only disclosures of information "to a government or law enforcement agency," but also disclosures of information "to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance." (Stats. 2013, ch. 781, § 4.1.)

11

investigated for possible past criminal conduct at his *previous* employer. The *Foley* court found such a report did not implicate public policy because it served only the "private interest of the employer." (*Foley*, at p. 692.) In contrast, an employee's report to his employer of present, *ongoing* unlawful conduct can support a wrongful termination claim under section 1102.5(b). (*Collier v. Superior Court, supra,* 228 Cal.App.3d at pp. 1122–1123 [a petitioner who reported his suspicions of current illegal conduct—including conduct that may have violated, among other things, laws against embezzlement— "served not only the interests of his employer, but also the public interest in deterring crime" and supported a claim of wrongful discharge in violation of public policy].)[4]

To recover on a wrongful termination claim under section 1102.5(b), a plaintiff must first establish a prima facie case of retaliation by showing he engaged in protected activity, he was subject to an adverse employment action, and there is a causal link between the two. (*Ross v. County of Riverside* (2019) 36 Cal.App.5th 580, 591–592.) To show protected activity, the plaintiff must show he disclosed ""reasonably based suspicions" of illegal activity.'" (*Id.* at p. 592.) "'To have a reasonably based suspicion of illegal activity, the employee must be able to point to some legal foundation for his suspicion—some statute, rule or regulation which may have been violated by the conduct he disclosed.'" (*Ibid.*) Although Bernal's second amended complaint included allegations demonstrating he reported a suspected violation of law, it failed to specify the law. The allegations are, therefore, insufficient.

Bernal has made clear in this briefing on appeal that the underlying violation he suspected and reported was embezzlement. The complaint readily could

---

[4] Shaevel and KBLED also cite *McVeigh v. Recology San Francisco* (2013) 213 Cal.App.4th 443 for the proposition that a report of embezzlement does not fall within the scope of section 1102.5(b). *McVeigh*, however, determined "Labor Code section 1102.5, subdivision (b) protects employee reports of unlawful activity by third parties such as contractors and employees, as well as unlawful activity by an employer." (*McVeigh* at p. 471.)

have been amended to so allege; it therefore was error for the trial court to sustain the demurrer without leave to amend. (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318 [it is an abuse of discretion for a trial court to deny leave to amend on demurrer when "there is a reasonable possibility that the defect can be cured by amendment"].) We reverse the court's ruling sustaining the demurrer to the first cause of action for wrongful termination in violation of section 1102.5(b) and remand to allow Bernal to amend.

4. The Motion for Leave to Amend and Related Ex Parte Application

Bernal also appeals the trial court's rulings denying his motion for leave to file a fourth amended complaint reinstating his first, second, third, fifth, sixth, and seventh causes of action against KBLED and Shaevel, as well as his related ex parte application seeking an earlier hearing date on the motion. Because we reverse the court's demurrer ruling on the second amended complaint, these other rulings raised on appeal are moot, and we do not address them.

B. *Default Judgment*

Finally, Bernal appeals the portions of the default judgment denying Bernal's request to enter judgment against Evolv on the first cause of action and against Inesa on the first and second causes of action.[5] The trial court refused to enter judgment against Evolv and Inesa on the first cause of action for wrongful termination because it found "[t]he third amended complaint does not allege sufficient facts showing 1102.5(b) applies . . . ." As set forth above, that claim is being remanded to allow Bernal leave to amend. Accordingly, the trial court's ruling finding the allegations insufficient is reversed and the matter is remanded for further proceedings on the first cause of action against Evolv and Inesa following the amendment, if any.

In addition, the trial court refused to enter default judgment against Inesa on the first and second causes of action because it found the joint employer and alter ego

---

[5] Neither Evolv nor Inesa filed a brief in connection with this appeal.

13

allegations were insufficient to state a claim against Inesa. As set forth above, the joint employer allegations are sufficient to state a claim against all the defendants. Accordingly, the court's ruling denying default judgment as to Inesa on the first and second cause of action is reversed.

The default judgment is reversed as to denial of entry of judgment against Inesa on the first and second causes of action and Evolv on the first cause of action. The trial court is directed to enter judgment against Inesa, as a joint employer, on the second cause of action in the amount of $140,725.81 (the amount of damages the trial court found Bernal proved on his second cause of action for breach of contract claim against Evolv). The matter is remanded for further default prove-up hearing as to both Inesa and Evolv on the issue of damages on the first cause of action.[6]

---

[6] We address briefly Bernal's assertion that the trial court was biased against his counsel because that counsel had successfully appealed the trial court's ruling in another, unrelated matter. We grant Bernal's motion requesting judicial notice of the notice of appeal and unpublished opinion issued in that matter. "Accusations of judicial bias are serious, and we treat them as such." (*People ex rel. Harris v. Sarpas* (2014) 225 Cal.App.4th 1539, 1557.) However, "serious accusations against a trial judge . . . had better be supported by concrete evidence." (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 793.) Bernal has not provided any evidence of his claim of bias, which relies entirely on the fact that the trial judge here ruled against him on a demurrer, a motion, and an ex parte application. "[A] judge's 'rulings against a party—even when erroneous—do not establish a charge of judicial bias, especially when they are subject to review.'" (*People v. Armstrong* (2019) 6 Cal.5th 735, 798.) This argument is without merit.

14

## DISPOSITION

The order sustaining without leave to amend KBLED and Shaevel's demurrers to the second, third, fifth, sixth, and seventh causes of action in the second amended complaint is reversed. The order sustaining without leave to amend KBLED's and Shaevel's demurrers to the first cause of action for wrongful termination is reversed and the matter is remanded to allow Bernal leave to amend that claim. The default judgment is reversed as to the trial court's refusal to enter default against Inesa on the first and second causes of action in the third amended complaint and against Evolv on the first cause of action; the matter is remanded for further default proceedings on the first cause of action following amendment, if any. Bernal shall recover his costs on appeal.


                                        GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


DELANEY, J.

15